**Joseph A. Grube**, OSB #962976
joe@go-trial.com
GRUBE OREHOSKI, PLLC
1200 Fifth Avenue, Suite 1711
Seattle, WA 98101
Tel: 206.624.5975 / Fax: 206.770.7607
Attorneys for Plaintiffs

**Mohammad "Mo" Ali Hamoudi**, WSBA #48512 and CA#273104
mo@hlg.lawyer
505 5th Avenue South
Seattle, WA 98104
Tel: 206.624.9104
Attorneys for Plaintiffs
*Application to Appear Pro Hac Vice to be filed*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| **SARAH MILES**, as Personal Representative of the Estate of Derrick Dewayne Clark Jr.; and **SARAH MILES** in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>**CLACKAMAS COUNTY**, a municipal corporation; **DANIEL FERGUSON, ZACHARAY COLE, ALEXANDER MAWSON, AND OFFICERS DOES I – X**,<br><br>Defendants. | NO.<br><br>**COMPLAINT WITH JURY DEMAND** |

COMPLAINT
PAGE 1 OF 16

GRUBE ǁ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

**PRELIMINARY STATEMENT**

1. On June 18, 2022, just before his twenty-fifth birthday, Derrick Dewayne Clark, Jr. ("Derrick Clark") was shot in the back by two police officers. Though the officers shot at him eight times as he ran away, Derrick did not die immediately. As he lay near the officers, moaning for help, numerous officers who were trained to provide him with medical aid ignored his moans.

2. This is a civil action for monetary relief against Clackamas County, Clackamas County Sheriff's Deputy Daniel Ferguson, Oregon State Patrol Trooper Zachary Cole, and others, for violating Derrick Dewayne Clark, Jr.'s civil rights by subjecting him to unreasonable and excessive force by shooting him in the back and then leaving him to die slowly while officers laughed, made jokes, referred to him as an animal and "old boy", and otherwise ignored his suffering and rejected his humanity.

3. This action also seeks monetary relief against the same defendants for unlawfully depriving Derrick Clark's mother, Sarah Miles, of the society and companionship of her son.

//
//
//
//
//

COMPLAINT
PAGE 2 OF 16

GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

**JURISDICTION AND VENUE**

4. This Court has original jurisdiction over the plaintiffs' civil rights claims under 42 U.S.C. § 1983, under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343. This Court has supplemental jurisdiction over the plaintiffs' related state claims under 28 U.S.C. § 1367(a).

5. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b) because all of the events supporting the plaintiffs' allegations occurred in this judicial district and because the defendants reside here.

**PARTIES**

6. Plaintiff Sarah Miles, in her representative capacity, is the duly appointed Personal Representative of the Estate of Derrick Dewayne Clark, Jr., filed under the laws of the State of Oregon, Clackamas County Circuit Court Cause No. 23-PB00262.

7. Plaintiff Sarah Miles, in her individual capacity, is the mother of Derrick Dewayne Clark, Jr. (deceased), is a citizen of the United States, and a resident of the State of Oregon.

8. Defendant Clackamas County is a municipality in the State of Oregon and owns, operates, manages, directs, and controls the Clackamas County Sheriff's Office, which employs Defendant Daniel Ferguson, Alexander Mawson, and others.

9. Defendant Daniel Ferguson is a United States Citizen residing in the State of Oregon. At relevant times Defendant Ferguson was a police officer with the Clackamas County Sheriff's Office, an employee of Clackamas County, and was acting within the course and scope

COMPLAINT
PAGE 3 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

of his employment. All acts committed by Defendant Ferguson were done under color of the laws of the State of Oregon and under the authority of his position as a police officer with the Clackamas County Sheriff's Office.

10. Defendant Zachary Cole is a United States Citizen residing in the State of Oregon. At relevant times Defendant Cole was a trooper with the Oregon State Patrol, an employee of the State of Oregon, and was acting within the course and scope of his employment. All acts committed by Defendant Cole were done under color of the laws of the State of Oregon and under the authority of his position as a police officer with the Oregon State Patrol.

11. Defendant Ferguson and Defendant Cole are collectively referred to as the "Shooter Defendants."

12. Defendant Alexander Mawson is a United States Citizen residing in the State of Oregon. At relevant times Defendant Mawson was a police officer acting on behalf of the Clackamas County Sheriff's Office, an employee of Clackamas County, and was acting within the course and scope of his employment. All acts committed by Defendant Mawson were done under color of the laws of the State of Oregon and under the authority of his position as a police officer with the Clackamas County Sheriff's Office.

13. Defendants Officers Does I-X (the "Officer Doe defendants") are officers employed by the Clackamas County Sherriff's Office and are employees of Clackamas County acting within the course and scope of their employment. All acts committed by the Officer Doe defendants were done under color of the laws of the State of Oregon and under the authority of

COMPLAINT
PAGE 4 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

their positions as police officers with the Clackamas County Sheriff's Office. The Officer Doe defendants, or some of them, were the commanding officers in charge of the scene and directly supervised all of the responding law enforcement officers, including by issuing directives and radioing each of the officers who responded throughout the incident.

## FACTUAL ALLEGATIONS

*The Shooter Defendants engage in unauthorized road pursuit, ram Mr. Clark's vehicle into a ditch and then shoot eight rounds at his back as he runs away, mortally wounding him.*

14. At approximately 12:51 a.m. on the morning of June 18, 2022, Derrick Clark was driving a maroon Pontiac Grand Am (Pontiac) in Happy Valley, Oregon. His front and rear lights were on. He was operating his vehicle at the speed limit.

15. As Mr. Clark proceeded to drive Southeast on OR2-13 (in the right lane) he was followed by Oregon State Trooper Zachary Cole ("Cole").

16. Cole, who was behind the Pontiac, activated his red and blue overhead lights to pull over the Pontiac. The Pontiac did not pull over, and Trooper Cole deactivated his lights because he did not have the authority to pursue the Pontiac.

17. Moments later, Defendant Ferguson drove past Trooper Cole's vehicle to pursue the Pontiac. He did not activate his lights. Cole joined in the pursuit.

18. At 12:53:07, Ferguson activated his red and blue overhead lights while driving down Southeast Harmony Road, and then Cole reactivated his red and blue overhead lights and continued following Ferguson, with both of them engaging in a high-speed pursuit.

COMPLAINT
PAGE 5 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

19. At 12:54:03, on the dispatch call, Ferguson was ordered by his supervisor to stop pursuing the Pontiac.

20. Despite being instructed by his supervisor to end the pursuit, Ferguson continued to pursue the Pontiac.

21. At 12:54:15, Mr. Clark pulled over. Because he had stopped the Pontiac near a ditch, he proceeded to back up to avoid the ditch.

22. While he was backing up, Ferguson intentionally rear-ended the Pontiac back toward the ditch. He did this twice in five seconds, knocking the Pontiac into the ditch.

23. A few seconds later, Mr. Clark (a Black man) opened the driver's side door of the Pontiac, exited the vehicle, and started to run away from the direction of Deputy Ferguson and Trooper Cole.

24. Trooper Cole fired a round from his handgun (round 1) at Mr. Clark as he was running away. Deputy Ferguson then fired another round (round 2) at Mr. Clark as he was running away. Mr. Clark continued to run away. The Shooter Defendants then began to chase Mr. Clark on foot.

25. As Mr. Clark continued running away from the Shooter Defendants, the Shooter Defendants stopped running and resumed shooting at Mr. Clark.  Deputy Ferguson fired two more rounds at Mr. Clark (rounds 3 and 4), and Trooper Cole then fired another round at Mr. Clark (round 5). As Mr. Clark continued to run away, Deputy Ferguson shot another round (round 6) at him. Trooper Cole then shot at Mr. Clark again (round 7), followed by another shot from Deputy Ferguson (round 8).

COMPLAINT
PAGE 6 OF 16

GRUBE ǁ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

26. All eight shots were fired at Mr. Clark while he was running away from the Shooter Defendants.

27. After the eighth shot, Mr. Clark fell near a fence on the opposite side of the railroad tracks. He stopped moving. Deputy Ferguson reported the shooting over the radio at 12:55:21.

> *Clackamas County Sheriff's Deputy D. Ferguson, Oregon State Trooper Z. Cole, and the Clackamas County Sheriff's Office and its deputies fail to render aid to Mr. Clark who is moaning for help. Rather, the Clackamas County employees decide to stand around make jokes, laugh, and allow Mr. Clark to slowly bleed out and die.*

28. Following Deputy Ferguson's report of the shooting, the Shooter Defendants continued to surveil the scene. As of 12:55:28, Trooper Cole told dispatch that Mr. Clark's body was on the other side of the railroad tracks and on the ground near a fence. He was not moving.

29. Rather than provide Mr. Clark with medical care, the individual Shooter Defendants proceeded to reload their firearms at the scene.

30. By 1:02 a.m., over fifty law enforcement officers were at the scene of the shooting, most of them were from the Clackamas County Sheriff's Office. Rather than provide Mr. Clark with medical care, the law enforcement officers proceeded to laugh, make jokes, refer to Mr. Clark as an animal and a "boy," launch explosives at his motionless body, and release a police dog to bite his body.

31. As of 1:09:20, nobody had rendered medical aid to Mr. Clark.

COMPLAINT
PAGE 7 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

32. At 1:10:40, deputies could hear Mr. Clark moaning for help. No aid was rendered.

33. At 01:26:40, CCSO Deputy Hector Campos and Deputy Kyle Scott, who were securing the perimeter near where Mr. Clark's body had fallen, could be heard laughing.

34. At 01:30:10, more than thirty minutes after the last shot was fired, an overhead drone deployed by other officers at the scene showed that Mr. Clark had not moved. Shortly thereafter the drone operators observed that Mr. Clark was lying in his own blood. At 01:33:48, drone operator and Clackamas Deputy Tooze stated "there is no reason to rush this," to Deputy A. Clark. Moments later Deputy Tooze admits over the radio that Mr. Clark has not moved "since [A. Clark & Tooze] have laid eyes on him."

35. No aid was rendered to Mr. Clark at that time.

36. At 1:39:21, Tooze, A. Clark, and Oregon City Police Department (OCPD) Officer Brian Willard revisit their initial thoughts that Mr. Clark man is laying in his own blood is correct; they confirm then repeat that there has been "zero movement."

37. No aid was rendered to Mr. Clark at that time.

38. At 1:52:30, drone operators A. Clark and Tooze confirm that Mr. Clark has not moved.

39. No aid was rendered to Mr. Clark at that time.

40. At 1:56:14, A. Clark is discussing vehicle positioning. During the discussion he and other deputies exchange laughter while Mr. Clark continues to lay on the ground. No aid is rendered to Mr. Clark.

COMPLAINT
PAGE 8 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

41. At 2:15:30, CCSO SWAT responders gathered at a nearby commercial parking lot several feet away from where Mr. Clark had collapsed. They acknowledged to each other that Mr. Clark had not moved and was lying prone.

42. The Clackamas County responders failed to render aid to Mr. Clark. Rather, they threatened additional force on Mr. Clark and threw explosive devices at Mr. Clark to elicit a response. When no response was elicited, they threw another explosive device at him.

43. At 2:35:10, CCSO responders instructed Mr. Clark to "waive your arms if you can hear us", to which CCSO Deputy Alexander Mawson responded: "He dead" and compared Mr. Clark's body to a "warm dead deer" while laughing. Shortly thereafter, CCSO Deputy Mawson laughed about Mr. Clark's body, stating "He's flying supine!" Another deputy questioned whether Mr. Clark's body was "actually a person".

44. No aid was rendered to Mr. Clark at that time.

45. At 2:38:32, CCSO Deputies threw another explosive device at Mr. Clark and the device exploded. CCSO Deputies again confirmed there was no movement. In response, Deputy Mawson again stated "He dead" and proceeded to belch.

46. No aid was rendered to Mr. Clark at that time.

47. At 2:41:33, a CCSO responder joked to his colleagues that Mr. Clark swallowed fentanyl, causing laughter.

48. No aid was rendered to Mr. Clark at that time.

49. At 2:43:54, CCSO deputy Mawson stated, about Mr. Clark, that "This ole boy is dead." And then stated that the CCSO is "just going to do some janky shit and get it done."

COMPLAINT
PAGE 9 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

50. At 2:44:52, Deputy instructed Mr. Clark to come out with his hands up or a dog would be sent towards him and that the dog would bite him, to which another deputy responds "let's just bite him already."

51. Shortly thereafter, at 2:45:15, CCSO Deputy Mawson stated, "This ole boy is no longer with us." And another CCSO Deputy responded, "And he's going to have a dog bite."

52. At 2:46:30, Mawson again said, about Mr. Clark, "He dead….He might be laying lower than a snake in a top hat as they say," and then laughed. A minute later Mawson again referred to Mr. Clark as an "ole boy".

53. At 2:52:13, CCSO SWAT responders looked at a drone image of Mr. Clark's body lying on his back and determined he was unconscious or dead. Again, no aid was rendered to Mr. Clark at that time.

54. At 2:52:32, CCSO SWAT responders approach Mr. Clark's body, release a dog, and the dog bites Mr. Clark's body. CCSO Deputy Dennis Kishbaugh then stated that Mr. had been "smoked."

55. Mr. Clark's time of death was reported as 2:53AM by the Clackamas County Medical Examiner.

56. From the moment the last shot was fired until Mr. Clark's body was found dead, approximately 120 minutes had lapsed.

57. During that entire period, nobody rendered aid to Mr. Clark.

58. Mr. Clark died as a direct result of the failure of any law enforcement officer to render aid or to allow aid to be rendered to him.

COMPLAINT
PAGE 10 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

59. The use of force used on Mr. Clark was excessive and unreasonable and included the unlawful use of deadly force, which proximately caused Mr. Clark to experience severe pain and suffering and proximately caused his death.

60. The unlawful use of force also caused Plaintiff Sarah Miles to be deprived of her constitutional right to society and companionship of her son.

61. The individual defendant-officers, as well as the other participating employees of the Clackamas County Sheriff's Office (including the Officer Doe defendants), were not adequately trained in the constitutional limitations on the use of force. Throughout their encounter with Mr. Clark, the individual defendant-officers acted intentionally, knowingly, maliciously, and recklessly in violation of Mr. Clark's well-established constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

62. The Officer Doe defendants exercised control over, directed, facilitated, affirmatively approved and acquiesced in the unconstitutional misconduct of the defendant-officers.

63. None of the individual defendant-officers or Officer Doe defendants involved were disciplined by the Clackamas County Sheriff's Office. The unlawful use of excessive force by the individual defendant-officers was carried out in accordance with the policies and procedures of the Clackamas County Sheriff's Office and the official policies, customs, and practices of Clackamas County.

## CLAIMS AGAINST CLACKAMAS COUNTY

### Excessive Force

COMPLAINT
PAGE 11 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

(42 U.S.C. § 1983:  Fourth and Fourteenth Amendments)

64. The plaintiffs repeat and re-allege paragraphs 1 through 63 of this complaint as if fully set forth herein.

65. As a result of the allegations contained herein, Clackamas County is liable to the Estate of Derrick Clark for violating Derrick Clark's Fourth and Fourteenth Amendment rights through the acts of the individual defendant-officers in unlawfully subjecting Mr. Clark to excessive, unreasonable, and deadly force and for unlawfully causing his death on June 18, 2022.

### Failure to Provide Medical Care

(42 U.S.C. § 1983:  Fourteenth Amendment)

66. The plaintiffs repeat and re-allege paragraphs 1 through 65 of this complaint as if fully set forth herein.

67. As a result of the allegations contained herein, Clackamas County is liable to the Estate of Derrick Dewayne Clark, Jr. for violating Mr. Clark's Fourteenth Amendment rights through the acts of the individual defendant-officers and Officer Doe defendants in failing to provide necessary medical care to Mr. Clark and in their deliberate indifference to Mr. Clark's medical needs, causing his suffering and death on June 18, 2022.

### Loss of Society and Companionship

(42 U.S.C. § 1983:  Fourteenth Amendment)

COMPLAINT
PAGE 12 OF 16

GRUBE ‖ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

68. The plaintiffs repeat and re-allege paragraphs 1 through 67 of this complaint as if fully set forth herein.

69. As a result of the allegations contained herein, Clackamas County is liable to Plaintiff Sarah Miles for violating her Fourteenth Amendment right to society and companionship of their son, Derrick Clark, by unlawfully causing his suffering and death on June 18, 2022.

### Assault/Battery

70. The plaintiffs repeat and re-allege paragraphs 1 through 69 of this complaint as if fully set forth herein.

71. As a result of the allegations contained herein, Clackamas County is vicariously liable to the Estate of Derrick Dewayne Clark, Jr. for assault and battery.

### Negligence

72. The plaintiffs repeat and re-allege paragraphs 1 through 71 of this complaint as if fully set forth herein.

73. As a result of the allegations contained herein, Clackamas County is vicariously liable to the Estate of Derrick Dewayne Clark, Jr. for negligence.

## CLAIMS AGAINST INDIVIDUAL DEFENDANTS

### Excessive Force

(42 U.S.C. § 1983: Fourth and Fourteenth Amendments)

COMPLAINT
PAGE 13 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

74. The plaintiffs repeat and re-allege paragraphs 1 through 73 of this complaint as if fully set forth herein.

75. As a result of the allegations contained herein, each of the Shooters is liable to the Estate of Derrick Dewayne Clark, Jr. for violating Mr. Clark's Fourth Amendment rights by subjecting him to excessive, unreasonable, and deadly force and for causing his death on June 18, 2022.

**Supervisory Liability**

(42 U.S.C. § 1983: Fourteenth Amendment)

76. The plaintiffs repeat and re-allege paragraphs 1 through 75 of this complaint as if fully set forth herein.

77. As a result of the allegations contained herein, the Officer Doe defendants are liable to the Estate of Derrick Dewayne Clark, Jr. for violating Mr. Clark's Fourteenth Amendment rights through the acts of the individual defendant-officers and Officer Doe defendants.

**Failure to Provide Medical Care**

(42 U.S.C. § 1983: Fourteenth Amendment)

78. The plaintiffs repeat and re-allege paragraphs 1 through 77 of this complaint as if fully set forth herein.

79. As a result of the allegations contained herein, each of the individual defendant-officers and the Officer Doe defendants are liable to the Estate of Derrick Dewayne Clark, Jr.

COMPLAINT
PAGE 14 OF 16

GRUBE ǁ OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

for violating Mr. Clark's Fourteenth Amendment rights by failing to provide necessary medical care to him and in their deliberate indifference to his medical needs.

### Loss of Society and Companionship

(42 U.S.C. § 1983: Fourteenth Amendment)

80. The plaintiffs repeat and re-allege paragraphs 1 through 79 of this complaint as if fully set forth herein.

81. As a result of the allegations contained herein, each of the individual defendants is liable to Plaintiff Sarah Miles for violating her Fourteenth Amendment right to the society and companionship of their son, Derrick Clark, by unlawfully causing his death on June 18, 2022.

### JURY DEMAND

Plaintiffs demand a trial by jury.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that the Court award:

A. Compensatory and consequential damages to the Estate of Derrick Dewayne Clark, Jr., in an amount to be proven at trial;

B. Compensatory damages to Plaintiff Sarah Miles, individually, for the loss of the society and companionship of her son, in an amount to be proven at trial;

C. Punitive damages, in an amount to be proven at trial;

D. Reasonable attorneys' fees, costs, and prejudgment interest incurred in pursuing this action as provided for in 42 U.S.C. § 1988; and

COMPLAINT
PAGE 15 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607

E.      Any such other relief that this Court deems just and equitable under the circumstances of this case.

DATED this 1st day of December 2023.

GRUBE OREHOSKI, PLLC

*By:     /s/ Joseph A. Grube*
Joseph A. Grube, OSB 962976
Attorneys for Plaintiffs

HERMANN LAW GROUP

*By:     /s/ Mohammad "Mo" Ali Hamoudi*
Mohammad "Mo" Ali Hamoudi
Attorneys for Plaintiffs

*Application to Appear Pro Hac Vice to be filed*

COMPLAINT
PAGE 16 OF 16

GRUBE || OREHOSKI PLLC
1200 FIFTH AVENUE, SUITE 1711
SEATTLE, WASHINGTON 98101
(206) 770-7606 • FAX (206) 770-7607