Joseph A. Grube, OSB #962976
joe@go-trial.com
GRUBE OREHOSKI, PLLC
1200 Fifth Avenue, Ste 1711
Seattle, WA 98101
Ph. 206.624.5975/Fax. 206.770.7607

Mohammad "Mo" Ali Hamoudi WSBA#48512, (Adm. Pro Hac Vice)
Edward H. Moore, WSBA #41584 (Adm. Pro Hac Vice)
Darcy Covert, WSBA #57137 (Adm. Pro Hac Vice)
mo@stritmatter.com
ed@stritmatter.com
darcy@stritmatter.com
Stritmatter Kessler Koehler Moore
3600 15th Avenue W., #300
Seattle, WA 98119
Telephone: 206.448.1777

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| SARAH MILES, as Personal Representative of the Estate of Derrick Dewayne Clark, Jr.; and on behalf of the minor child R.L.C.; minor sibling D.M.M.; and mother SARAH MILES in her individual capacity,<br><br>            Plaintiffs,<br>vs.<br><br>CLACKAMAS COUNTY, a municipal corporation; DEPUTY DANIEL FERGUSON, NICHOLAS ADLER, JASON BENTO, MATTHEW BROWN, HECTOR CAMPOS, SHAWN CHOE, AARON CLARK, JORDAN FERGUSON, SIERRA HANCOCK, DAVID HEIMBUCK, NATHAN HULSEY, ANDY KIESEL, KYLE MALIZIA, DONALD McCAFFERTY, BETH MAYER, JERED REYNOLDS, RYAN ROGERS, PETER ROBINSON, HAYDEN SANDERS, KYLE SCOTT, SAMUEL TOOZE, ADAM TAYLOR, MICHAEL ZACHER, GRANT ZAITZ<br><br>OREGON STATE POLICE ZACHARY COLE, | No. 3:23-cv-01805-SB<br><br>**PLAINTIFFS' MOTION TO COMPEL IRB REPORT AND COMMUNICATIONS**<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS  - 1

ALEXANDER MAWSON,

AND OFFICERS DOES I-X,

                      Defendants.

## I. RELIEF REQUESTED[1]

Plaintiffs ask the Court to compel the County to disclose communications related to, and the report resulting from, the Clackamas County Sheriff's Office ("CCSO") Incident Review Board review of Derrick's death. The County withheld this information; Plaintiffs only discovered it during their 30(b)(6) deposition of the County. Plaintiffs also ask the Court to order an additional deposition of the County on this topic at the County's expense. Finally, Plaintiffs request reasonable attorneys' fees associated with litigating this issue.

## II. ISSUES PRESENTED

<u>Question 1</u>

The CCSO's Incident Review Board reviewed the OIS investigation into Derrick's death and wrote a report assessing compliance with CCSO training and procedures and making recommendations for changes to CCSO training and procedures. The County claims the report and certain related communications are privileged and work product. Should the Court compel the County to produce these documents?

Yes. The documents are discoverable and they are not privileged or work product.

---

[1] LR 7-1 CERTIFICATION: Counsel certifies that the parties attempted in good faith to resolve the disputes underlying this motion but were unsuccessful.

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS - 2

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

Question 2

Given the County's violation of the discovery rules by failing to produce or claim as privileged these documents, must the Court sanction the County?

Yes. The Court should sanction the County by ordering it to pay for a second, limited 30(b)(6) deposition and reasonable attorneys' fees associated with litigating this issue.

### III.     FACTS

Plaintiffs incorporate by reference Sections III.A-D of their Motion for Summary Judgment Against County Defendants.

**A. CCSO's Incident Review Board reviewed Derrick's shooting death for compliance with training and policy.**

In March 2023, the CCSO's Incident Review Board (IRB) reviewed Derrick's death to determine whether any policy violations occurred.[2] According to then-CCSO policy,[3] the IRB was "an internal review board that reviews significant incidents, for the purpose of identifying whether or not policies were followed and to make recommendations, if any, on future training or safety measures identified in the review."[4] The County's designee echoed this in its 30(b)(6) deposition, testifying that the IRB assesses "policy and training, and circumstances around anything that the agency would -- might need to consider for both policy and training specifically."[5] He later reiterated: "They're reviewing policy and potential training issues."[6]

---

[2] Hamoudi Declaration Ex. A at pp. 70-71; Hamoudi Declaration Ex. B.
[3] The County amended this policy in July 2023, after it had completed the review in this case. *See* Hamoudi Declaration Ex. C.
[4] Hamoudi Declaration Ex. D at CC 30029.
[5] Hamoudi Declaration Ex. A at p. 70.
[6] *Id.* at p. 78.

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS  - 3

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

The IRB reviews "significant incidents that are anticipated to result in litigation,"[7] including all OIS incidents.[8] The board was overseen by the Undersheriff and comprised of the Support Services Division Commander or another person not associated with the incident, one lieutenant, one sergeant, one deputy, CCSO Risk Management Liaison, County counsel or its "designee," and "any CCSO employee with particular training or experience regarding the subject matter."[9] The Support Services Division Commander chairs the review board.[10] According to emails, Grant Zaitz participated in the IRB review of Derrick's death.[11] Zaitz was involved in the SWAT response in this incident and testified at the grand jury[12] and, according to the County's 30(b)(6) designee, the SWAT response was part of the scope of this IRB review.[13]

The chair established the scope of the review, assembled the review team, managed the review activities, briefed the Undersheriff on the progress of the review, and worked with County counsel to prepare the report on the outcome of the review.[14] Ultimately the chair and the IRB team developed the report together.[15] That report made findings, reached conclusions, and proposed final recommendations to the Undersheriff and/or Sheriff.[16] The Undersheriff or Sheriff then decided whether to implement any recommendations.[17] The policy declared that the report on the outcome of the IRB review was "confidential" but did not offer any legal basis for the claimed confidentiality.[18]

---

[7] *Id.*
[8] Hamoudi Declaration Ex. A at pp. 68-69.
[9] Hamoudi Declaration Ex. D at CC 30029.
[10] *Id.* at CC 30030.
[11] Hamoudi Declaration Ex. E.
[12] *See* Hamoudi Declaration Ex. F at CC 1600.
[13] Hamoudi Declaration Ex. A at p. 218.
[14] Hamoudi Declaration Ex. D at CC 30031.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *Id.* at CC 30030.

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS  - 4

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

**B. The County did not produce documents related to the Incident Review Board review board as requested by Plaintiffs, nor did it assert the privilege.**

In May 2024, Plaintiffs sent the County discovery requests asking for all documents related to Derrick's death (RFP 3), any investigation into his death (RFP 18), and all correspondence sent by law enforcement related to his death (RFP 22).[19] Plaintiffs also requested all policies, procedures, and directives related to use of force investigations (RFP 63).[20]

The County produced the current IRB policy, but not the one that was in place when the IRB reviewed Derrick's death.[21] The County did not produce *any* documents from the IRB review related to Derrick's death or communications related to the IRB.[22] When asked for documents related to any internal affairs investigation related to Derrick's death or any other OIS incidents, the County asserted no such investigations took place.[23] The County did not produce any privilege log related to these discovery requests or assert that it was withholding any materials due to privilege.[24]

**C. Plaintiffs learned about the IRB review during the County's 30(b)(6) deposition, and the County now asserts information from the review is privileged.**

The County's 30(b)(6) deposition was set to cover, among other things, the steps taken by CCSO to ensure compliance with its policies and any internal affairs investigation into Derrick's death.[25] During the deposition on October 22, Plaintiffs learned for the first time that the IRB reviews every OIS incident and reviewed Derrick's death.[26] The County's lawyer objected to

---

[19] Hamoudi Declaration Ex. G at pp. 3, 12, 15.
[20] *Id.* at p. 30.
[21] *See* Hamoudi Declaration Ex. D.
[22] Hamoudi Declaration at p. 2.
[23] *See, e.g.*, Hamoudi Declaration Ex. H.
[24] *See* Hamoudi Declaration at p. 2.
[25] Hamoudi Declaration Ex. I.
[26] Hamoudi Declaration Ex. A at pp. 68-69, 73.

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS - 5

questions about the IRB review of Derrick's death as seeking attorney-client privileged information and directed the witnesses not to answer.[27]

That same day, Plaintiffs' counsel requested the current and past policies governing the IRB, the documents the IRB considered related to Derrick's death, communications regarding the IRB's review of Derrick's death, and any other documents related to the IRB's review of Derrick's death.[28] The County produced the policies and, after the discovery deadline, turned over redacted communications and a privilege log.[29] The County is asserting that the entire IRB report for Derrick's death is privileged and attorney-work product, as are many communications between IRB members.[30]

## IV.    EVIDENCE RELIED UPON

This motion relies on the case record and the Declaration of Mo Hamoudi attached to this motion.

## V.    ARGUMENT

**I.    The Court should compel the County to produce the requested IRB-related documents.**

Federal Rule of Civil Procedure 26(b)(1) allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts interpret the rule "liberally" in order "to permit wide-ranging discovery of information." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635 (C.D. Cal. 2005) (modified). A party that does not want to respond to a discovery request must apply for a protective order. Fed.

---

[27] *Id.* at pp. 73-78, 218.
[28] Hamoudi Declaration Ex. J.
[29] Hamoudi Declaration p. 2
[30] Hamoudi Declaration Ex. B.

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS  - 6

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

1   R. Civ. P. 37(d), 1970 Amendment Advisory Committee Note. The opposing party can move to

2   compel a discovery response. Fed. R. Civ. P. 37(a)(3)(B).

3      The IRB communications and report are relevant to the County's liability in this case and

4   may contain impeachment evidence if the County denies liability at trial. They are also

5   proportional to the needs of the case, as the County's privilege log shows there are only a small

6   number of responsive documents.

### A. The attorney-client privilege does not apply to the requested documents.

Communications are protected by the attorney-client privilege "(1) [w]here legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived." *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 n.2 (9th Cir. 1992)). Courts strictly construe the attorney-client privilege. *Id.* The party asserting the privilege bears the burden to prove each element of the eight-part test. *See id.* at 607-08 (citing *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000)). Under the "primary purpose test", "courts look at whether the primary purpose of the communication is to give or receive legal advice, as opposed to business or [other non-legal] advice." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021).

The most recent Ninth Circuit case on the attorney-client privilege in this context is *Greer v. County of San Diego*, 127 F.4th 1216 (2025). The court assessed whether documents from the San Diego County's Critical Incident Review Board (CIRB) concerning in-custody deaths at a county jail were privileged. The CIRB's purpose, as stated in the San Diego County Sheriff's Department Policy Manual, "is to consult with department legal counsel when incidents

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS - 7

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

1  occur that may lead to litigation." *Id.* at 1219. "The focus of each and every CIRB meeting is to
2  assess the Sheriff's department['s] civil exposure as a result of a given incident in anticipation of
3  litigation and to improve service delivery to minimize the potential for future civil exposure." *Id.*
4  at 1220. Certain members of the department are included in these meetings because of their
5  subject-matter expertise, but those persons are dismissed from the room while legal counsel and
6  the CIRB members discuss the incident. *Id.* at 1220. Ultimately the Lieutenant of the Division of
7  Inspectional Services prepares a report summarizing the CIRB's actions and conclusions, and
8  that report goes *only* to the Legal Affairs Section within the Department. *Id.* at 1220-21.

9        The court ultimately concluded that the CIRB documents were privileged because the
10 CIRB's primary purpose is to obtain legal advice. In particular, a lawyer's recommendations
11 about how to deal with potential liability for past events and how to avoid future liability
12 constitute legal advice. *Id.* at 1225. The court found it particularly significant that the CIRB's
13 express purpose is to consult with legal counsel to assess the department's civil exposure when
14 an incident occurs which may give rise to litigation. *Id.* at 1226.

15       Finally, the court assessed whether the department had waived the privilege. A party
16 asserting the privilege must prove it has not waived the privilege, which includes having
17 complied with Federal Rule of Civil Procedure 26(b)(5)(A)(ii)'s requirement that the party
18 "describe the nature of the documents" being withheld "in a manner that, without revealing
19 information itself privileged or protected, [would] enable other parties to assess the claim." The
20 panel held that the County had not waived the privilege because its privilege log was adequate.
21 *Id.* at 1227.

22       *Greer* is distinguishable from this case. Whereas the CIRB's purpose is to consult with
23 legal counsel and assess the department's civil exposure, the IRB's purpose is to identify

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS  - 8

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

whether policies were followed and to make recommendations on future training or safety measures. Unlike the CIRB, there is no information to suggest that the subject-matter experts who participate in IRB reviews are dismissed before County counsel discusses any legal opinions with higher-up CCSO officials. This suggests the IRB review process is not intended to seek legal advice. Finally, IRB reports are sent to the Sheriff and Undersheriff, whereas CIRB reports go only to legal counsel. Although seeking legal advice may be *a* purpose of the IRB, that is not its primary purpose, nor are all IRB communications related to that purpose. The County thus cannot establish prongs one, two, or three of the eight-part test.

The County also cannot establish prongs four and seven because the communications at issue were not made in confidence. It is expressly contemplated that the IRB report will make recommendations that the Sheriff and/or Undersheriff will implement.

These documents are likewise not privileged because, under prong eight, the County has waived any privilege it may have had for at least two reasons. First, a communication is not privileged if it includes individuals within the organization who do not "need to know" its contents to facilitate the receipt of legal advice or who are authorized to speak or act for the organization. Restatement (Third) of the Law Governing Lawyers § 73 cmt. g ("The need-to-know limitation . . . permits disclosing privileged communications to other agents of the organization who reasonably need to know of the privileged communication in order to act for the organization in the matter."). The inclusion in the IRB review and report-writing process of low-level CCSO employees who participate solely because they have subject-matter training or expertise thus waived the privilege.

The County also waived the privilege because its privilege log does not comply with the Rules. The log does not describe the withheld documents in a way that enables Plaintiffs to

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS - 9

assess the privilege claims, providing only vague information about the contents of documents that indicate Mr. Ciecko was involved.

If the Court will not grant Plaintiffs' motion to compel, Plaintiffs respectfully request that the Court conduct an in camera inspection of the documents at issue to assess the County's privilege claim. Even if portions of the communications and report are privileged, it is highly unlikely that they all are for the reasons described above. *See In re Grand Jury Investigation*, 974 F.2d at 1075 (to obtain *in camera* review, "the party opposing the privilege need only show a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged").

### B. The requested documents are not work product.

The work product privilege protects from discovery certain documents prepared by a party or his representative in anticipation of litigation. *Miller v. Pancucci*, 141 F.R.D. 292, 303 (C.D. Cal. 1992). It protects work product that reveals the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation. Fed. R. Civ. P. 26(b)(3). The primary motivating purpose behind the preparation of the materials must be to aid future litigation. *Griffith v. Davis*, 161 F.R.D. 687, 698 (C.D. Cal. 1995).

Documents prepared by an internal affairs section of a department are not work product both because they are prepared in the regular course of business and because they are not prepared with the primary purpose of litigation. *See id.*; *see also Miller*, 141 F.R.D. at 303. The documents at issue are thus not protected work product.

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS - 10

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

## II. The Court must sanction the County for its failure to disclose the IRB documents or claim privilege.

When a party receives requests for production, its response to each request must either provide the requested document or state any objections and the reasons for the objections. Fed. R. Civ. P. 34(b)(2)(B). To the extent that a party withholds responsive materials based on an objection, the party must expressly state that it is doing so. Fed. R. Civ. P. 34(b)(2)(C). Where the party withholds responsive materials based on a privilege objection, it must expressly say so and provide a privilege log. Fed. R. Civ. P. 26(b)(5)(A).

Counsel is required to certify that all discovery responses are complete and accurate. Fed. R. Civ. P. 26(g)(1). If counsel incorrectly so certifies, "the Court *must* impose an appropriate sanction," which can include "an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3) (emphasis added).

The County incorrectly certified that its discovery responses were complete and accurate. The County did not disclose the IRB-related communications and report regarding Derrick's death or state that it was withholding them subject to a privilege claim. The County nevertheless certified that its discovery responses were complete and expressly stated that no such investigation had taken place although neither was true. The Court is thus *required* to sanction the County. Plaintiffs respectfully request that the Court do so by ordering the County to pay the cost of any supplemental 30(b)(6) deposition Plaintiffs want to take related to the IRB's review of Derrick's death and reasonable attorneys' fees for taking that deposition and litigating this issue.

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS - 11

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

## VI.  CONCLUSION

The Court should order the County to produce the requested documents because they are discoverable and not privileged. In the alternative, the Court should inspect the documents to assess the County's privilege claims. The Court should also order a supplemental 30(b)(6) deposition at the County's expense and order it to pay Plaintiffs' reasonable attorneys' fees.

/ / /

/ / /

/ / /

PLAINTIFFS' MOTION TO COMPEL IRB
REPORT AND COMMUNICATIONS  - 12

STRITMATTER LAW
3600 15TH AVE W, STE. 300, SEATTLE, WA 98119
P: 206-448-1777
F: 206-728-2131

# CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 2,810 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED this 7th day of October, 2025.

STRITMATER KESSLER KOEHLER MOORE

/s/ Mohammad "Mo" Ali Hamoudi
Mohammad "Mo" Ali Hamoudi, WSBA 48512
(Adm Pro Hac Vice)
Edward H. Moore, WSBA 41584
(Adm. Pro Hac Vice)
Darcy Covert, WSBA 57137
(Adm. Pro Hac Vice)
mo@stritmatter.com
ed@stritmatter.com
darcy@stritmatter.com
3600 15th Avenue W., #300
Seattle, WA 98119
Phone: 206.448.1777

GRUBE OREHOSKI, PLLC

Joseph A. Grube, OSB 96976
joe@go-trial.com
1200 Fifth Avenue, Ste 1711
Seattle, WA 98101
Ph. 206.624.5975

Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system and which specifically identifies recipients of electronic notice. The same being sent via email to the following:

| | |
|---|---|
| Dan Rayfield<br>Attorney General<br>James S. Smith, OSB#840932<br>Sara Del Rubin, OSB#232414<br>Senior Assistant Attorney General<br>Department of Justice<br>100 SW Market Street<br>Portland, OR 97201<br>Ph. 971-673-1880<br>James.s.smith@doj.oregon.gov<br>Sara.delrubin@doj.oregon.gov<br>matthew.sullivan@doj.oregon.gov<br>Jason.Lohman@doj.oregon.gov<br>Counsel for Defendants Cole | Scott Ciecko, OSB#045587<br>Clackamas Co Legal Counsel<br>2051 Kaen Road<br>Oregon City, OR 97045<br>Ph. 503-742-5391<br>sciecko@clackamas.us<br>kvonk@clackamas.us<br>Counsel for Defendants Clackamas Co. and Ferguson<br><br>Andrew D. Campbell, OSB#022647<br>Helzel Williams, PC<br>117 Commercial Street NE, Ste 400<br>PO Box 1048<br>Salem, OR 97308<br>Ph. 50-585-4422 x 314<br>andrew@heltzel.com<br>mmartz@heltzel.com<br>Counsel for Defendant Mawson |

DATED this 7th day of October, 2025.

/s/  Patti Sims
Patti Sims
Paralegal