**Billy J. Williams**, OSB No. 901366
County Counsel
bwilliams@clackamas.us
**Scott C. Ciecko**, OSB No. 045587
Assistant County Counsel
sciecko@clackamas.us
Office of Clackamas County Counsel
2051 Kaen Road
Oregon City, OR 97045-1819
Phone: 503-655-8362
Fax: 503-742-5397
Of Attorneys for Clackamas County Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| SARAH MILES, as Personal Representative of the Estate of Derrick Dewayne Clark Jr; and SARAH MILES in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>CLACKAMAS COUNTY, et al,<br><br>Defendants. | Case No. 3:23-cv-01805-SB<br><br>**DECLARATION OF SCOTT CIECKO IN SUPPORT OF COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL** |

I, Scott Ciecko, declare under the penalty of perjury, the following to be true to the best of my knowledge and belief:

1. I am of the attorneys for the County Defendants, and I make this declaration in support of County Defendants' Response to Plaintiffs' Motion to Compel.

2. I have been the assigned attorney for Clackamas County on the Clackamas County Sheriff's Office's ("CCSO") Incident Review Board ("IRB") for over ten years.

Page 1 – DECLARATION OF SCOTT CIECKO IN SUPPORT OF COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

3. At all relevant times, including at the time of the Derrick Clark incident and the resulting IRB review, the IRB report has been authored by counsel, signed by counsel, on counsel letterhead, and contains the language included on page two of the County Defendants' response to plaintiffs' motion to compel.

4. In order for counsel to advise about, for example, whether a use of force is reasonable, it is necessary for me to understand not only the facts of the specific incident, but also the training provided regarding available force options, the policies governing the various force options, and the tactical decisions at issue.

5. The same is true for providing legal advice about changes that should be implemented, if any, to avoid future similar incidents, which will ultimately be put into practice by CCSO staff. This requires direct and frank communication between counsel and CCSO staff assigned to the IRB who have expertise in relevant subject matters.

6. The IRB examines training and policy from a legal perspective to assess liability and evaluate how to mitigate risks of future critical incidents, which is why county counsel has been asked to be involved in the IRB.

7. In my personal experience, providing frank, meaningful legal advice without the chilling effect of creating a publicly available report is in fact the primary purpose of the IRB. If the Sheriff was not seeking legal advice, there would be no need for counsel involvement.

8. Sergeant Grant Zaitz, who was involved in SWAT operations during the Clark incident, did not participate in the IRB review of the incident.

9. The IRB report is not developed by the entire IRB together, it is authored by counsel and then circulated to other IRB members to ensure it is accurate.

10. The report is also circulated to other IRB members because they are the CCSO staff who will ultimately be responsible for implementing any changes that are recommended and it is important to ensure that the report includes feasible recommendations that, if at all possible, can be put into action.

11. County Defendants expressly and specifically objected to producing any attorney-client privileged communications and any work-product in response to plaintiffs' broad requests for production; the IRB report is precisely such a communication.

12. None of plaintiffs' requests for production or informal inquiries asked for the IRB report despite plaintiffs having been provided with a copy of the IRB policy on or about September 23, 2024.

13. Undersigned counsel truly and accurately responded to plaintiffs' email about internal affairs investigations by indicating there were none in response to the Clark incident or the other officer involved shootings plaintiffs identified.

14. Plaintiffs chose when to conduct the 30(b)(6) deposition of the County, and in fact voluntarily cancelled its prior setting in July.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THAT THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND SUBJECT TO PENALTY FOR PERJURY.**

Executed this 20th day of November 2025.

/s/ Scott C. Ciecko
Scott C. Ciecko, OSB No. 045587
Assistant County Counsel
E-mail: sciecko@clackamas.us
Of Attorneys for Clackamas County Defendants

Page 3 – DECLARATION OF SCOTT CIECKO IN SUPPORT OF COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I filed the foregoing DECLARATION OF SCOTT CIECKO IN SUPPORT OF COUNTY DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL with the court's electronic filing system, which will serve copies on all counsels of record.

Dated this 20th day of November 2025.

                                          BILLY J. WILLIAMS
                                        CLACKAMAS COUNTY COUNSEL

                                        _s/ Scott C. Ciecko_
                                        Scott C. Ciecko, OSB No. 045587
                                        Assistant County Counsel
                                        E-mail: sciecko@clackamas.us
                                        Of Attorneys for Clackamas County
                                        Defendants