Joseph A. Grube, OSB #962976
joe@go-trial.com
GRUBE OREHOSKI, PLLC
1200 Fifth Avenue, Ste 1711
Seattle, WA 98101
Ph. 206.624.5975/Fax. 206.770.7607

Mohammad "Mo" Ali Hamoudi WSBA#48512, (Adm. *PHV*)
Edward H. Moore, WSBA #41584 (Adm. *PHV*)
Darcy Covert, WSBA #57137 (Adm. *PHV*)
mo@stritmatter.com
ed@stritmatter.com
darcy@stritmatter.com
STRITMATTER LAW
3600 15th Avenue W., 300
Seattle, WA 98119
Telephone:  206.448.1777

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| SARAH MILES, as Personal Representative of the Estate of Derrick Dewayne Clark, Jr.; and on behalf of the minor child R.L.C.; minor sibling D.M.M.; and mother SARAH MILES in her individual capacity,<br><br>        Plaintiffs,<br><br>vs.<br><br>CLACKAMAS COUNTY, a municipal corporation; DEPUTY DANIEL FERGUSON, NICHOLAS ADLER, JASON BENTO, MATTHEW BROWN, SHAWN CHOE, AARON CLARK, JORDAN FERGUSON, SIERRA HANCOCK, DAVID HEIMBUCK, NATHAN HULSEY, ANDY KIESEL, KYLE MALIZIA, DONALD McCAFFERTY, BETH MAYER, JERED REYNOLDS, RYAN ROGERS, PETER ROBINSON, HAYDEN SANDERS, SAMUEL TOOZE, ADAM TAYLOR, MICHAEL ZACHER, GRANT ZAITZ; ZACHARY COLE; ALEXANDER MAWSON; AND OFFICERS DOES I-X,<br><br>        Defendants. | NO.  3:23-cv-01805-SB<br><br>**PLAINTIFFS' MOTION TO CERTIFY COUNTY DEFENDANTS' APPEAL FRIVOLOUS**<br><br>***ORAL ARGUMENT REQUESTED*** |

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 1

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................... 2

TABLE OF AUTHORITIES .............................................................................................. 3

INTRODUCTION ............................................................................................................. 4

BACKGROUND ............................................................................................................... 5

DISCUSSION .................................................................................................................... 6

    A.   Legal Standards..................................................................................................... 6

    B.   The County Defendants' Interlocutory Appeal Is Frivolous Because They Have Waived Any Argument That They Are Entitled to Qualified Immunity Under Plaintiffs' Facts.. 10

    C.   Any Interlocutory Appeal Would Be Frivolous Because It Would Necessarily Challenge Fact-Bound Rulings and Ignore Clearly Established Law............................................... 11

        1. The County Cannot Obtain Review of the Determination that Factual Disputes Exist About Detective Ferguson's Reasonable Belief that Derrick Shot First, and on Plaintiffs' Facts, Derrick's Rights Were Clearly Established..................................... 12

        2. The Ninth Circuit Does Not Have Jurisdiction to Review the Disputed Facts About Time of Death or Whether the County Defendants Knew or Should Have Known Derrick Was Dying When Deputy Sanders Used Force Against Him, and Derrick's Right Against That Use Was Clearly Established. ....................................................... 13

        3. The Court's Determination That There Is a Triable Issue of Fact on Plaintiffs' Failure to Render Aid and Familial Due Process Claims Cannot Be Appealed Yet, and It Is Clearly Established Under Plaintiffs Facts That the County Defendant's Conduct Violated Derrick's Rights. ...................................................................................... 14

        4. The County Cannot Appeal this Court's Determination That Plaintiffs Presented Facts Supporting a Conspiracy to Use Excessive Force, Nor Can It Prevail on a Claim that Even Under Those Facts Its Deputies Did Not Violate Clearly Established Law...... 15

        5. Allowing the County Defendants to Stay Trial Pending Resolution of An Interlocutory Appeal Would Permit the Type of Abuse the Ninth Circuit Sought to Avoid in *Chuman*. .................................................................................................................. 16

CONCLUSION................................................................................................................. 17

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 2

## TABLE OF AUTHORITIES

**Cases**

*Abdelaziz v. Soakai*, No. 25-427, 2026 WL 568296 (U.S. Mar. 2, 2026) .................................... 14

*Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989) .......................................................... 8

*Behrens v. Pelletier*, 516 U.S. 299 (1996) .............................................................. 5, 7

*Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004 (9th Cir. 2015) ............................. 8

*Cohen v. Beneficial Indust. Loan Corp.*, 337 U.S. 541 (1949) ............................................. 7

*Craig v. Orange*, 2019 WL 12377861 (C.D. Cal. Apr. 1, 2019) ............................................. 9

*Curnow v. Ridgecrest Police Dep't*, 952 F.2d 321 (9th Cir. 1991) ....................................... 12

*David v. Betts*, No. CV 20-00002 JMS-WRP, 2021 WL 2355391 (D. Haw. June 9, 2021) ......... 8

*Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001) ................................................... 13

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) ....................................... 7

*Estate of Anderson v. Marsh*, 985 F.3d 726 (9th Cir. 2021) ........................................... 7, 13

*Estate of Farmer v. Las Vegas Metro. Police Dep't*, 2019 WL 2471826 (D. Nev. June 13, 2019) 9

*Estate of Lopez v. Gelhaus*, 871 F.3d 998 (9th Cir. 2017) .............................................. 12

*Estate of Richard Risher v. City of L.A.*, 2020 WL 13401583 (C.D. Cal. Nov. 2, 2020) ............... 9

*Estate of Soakai v. Abdelaziz*, 137 F.4th 969 (9th Cir. 2025) ....................................... 14, 15

*Fitzpatrick v. Las Vegas Metro. Police Dep't*, 2020 WL 4496500 (D. Nev. Aug. 4, 2020) ......... 9

*George v. Morris*, 736 F.3d 829 (9th Cir. 2013) ......................................................... 4

*Henderson v. City of Torrance*, 2021 WL 3185479 (C.D. Cal. Apr. 5, 2021) .............................. 9

*In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772 (9th Cir. 2014) ................................ 11

*Johnson v. Jones*, 515 U.S. 304 (1995) .......................................................... 4, 7, 8, 12

*Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006) .......................................... 14

*Lopez v. City of Riverside*, 2022 WL 17371075 (C.D. Cal. Oct. 3, 2022) .................................. 9

*Marks v. Clarke*, 102 F.3d 1012 (9th Cir. 1996) ......................................................... 5

*Martinez v. City of Clovis*, 943 F.3d 1260 (9th Cir. 2019) ............................................. 14

*Maxwell v. County of San Diego*, 708 F.3d 1075 (9th Cir. 2013) ........................................ 14

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) .............................................................. 4, 7

*Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012) ................................................. 13

*Orr v. Plumb*, 884 F.3d 923 (9th Cir. 2018) ........................................................... 11

*Ortiz v. Jordan*, 562 U.S. 180 (2011) .................................................................. 4, 6

*Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997) .................................... 14, 15

*Roberts v. Khounphixay*, 2021 WL 228894 (W.D. Wash. Jan. 22, 2021) .................................... 9

*Rodriguez v. County of L.A.*, 891 F.3d 776 (9th Cir. 2018) ........................................... passim

*Tennessee v. Garner*, 471 U.S. 1 (1985) ................................................................ 12

*V.R. v. Cnty. of San Bernardino*, 2022 WL 3137728 (C.D. Cal. Mar. 31, 2022) .......................... 8

*Will v. Hallock*, 546 U.S. 345 (2006) .................................................................... 7

**Statutes**

28 U.S.C. § 1291 ...................................................................................... 4, 6

**Other Authorities**

*Ninth Circuit Manual of Model Civil Jury Instructions* (2024) .......................................... 11

**INTRODUCTION**

On March 30, 2026, this Court issued an order mostly denying County Defendants' Motion for Summary Judgment. Given the nature of County Defendants' motion—which relied on self-serving denials and ignored record evidence—this Court's decision was necessarily fact-bound. This Court thus found numerous disputes of material fact precluded judgment as a matter of law.

The Court should dismiss County Defendants' interlocutory appeal as frivolous because the Ninth Circuit lacks jurisdiction to hear it under 28 U.S.C. § 1291. Generally, this Court's determination that factual disputes preclude summary judgment is categorically unreviewable because it is not a final order that would provide the appellate court with jurisdiction. *See Ortiz v. Jordan*, 562 U.S. 180, 189 (2011); *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) ("Any decision by the district court 'that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal.'"). Under the collateral bar doctrine, a narrow exception to the final-judgment rule exists for appeals involving issues that are both purely legal and collateral to the merits of the case; fact-bound disputes about what will be proved at trial remain out of bounds as do legal arguments about the merits of the case. *Johnson v. Jones*, 515 U.S. 304, 313 (1995); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

Recognizing that parties may attempt interlocutory appeals that obviously exceed the collateral bar doctrine, the law empowers this Court to enter an order finding that an attempted interlocutory appeal is frivolous or waived, including because the assertion of qualified immunity is itself baseless. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) . To be sure, the Supreme Court has "endorsed the district court's power to certify a defendant's interlocutory appeal of the denial of qualified immunity as frivolous or forfeited as a means of protecting civil rights plaintiffs from abusive successive pre-trial assertions of qualified immunity." *Marks v.*

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

*Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citing *Behrens v. Pelletier*, 516 U.S. 299 (1996)). This Court should enter such an order here. County Defendants intend to raise arguments on appeal challenging this Court's factual determinations; they intend to raise what they claim are "legal" arguments but that are just about the merits of the case premised on their assertion of the facts; and their claims about qualified immunity are frivolous.

## BACKGROUND

As this Court is aware, this suit is about the unconstitutional shooting death of Derrick Clark and the subsequent additional excessive uses of force, failure to render aid, and racial slurs that followed. *See generally* Dkt. 121.

County Defendants' most recent effort was in seeking summary judgment. Dkt. 159. There, Defendants' arguments were premised on the assertion that "the material facts of this incident are not genuinely in dispute." *Id.* at 32.[1] They argued that Detective Ferguson lawfully shot Derrick because Detective Ferguson reasonably believed that the first shot that was fired was from Derrick at Trooper Cole. *Id.* at 37-38, 47. They claimed Deputy Sanders's hurling of munitions at Derrick was justified because Derrick was dead by that time and, alternatively, because Deputy Sanders reasonably believed Derrick was armed and waiting to ambush deputies. *Id.* at 34-35, 46. The County Defendants asserted that they were justified in not rendering medical aid to Derrick because they were merely present and did not take any actions, because they reasonably believed Derrick was armed with a gun, and because they had no reason to know Derrick needed medical care. *Id.* at 50-51. They proclaimed that, for the same evidentiary reasons, Plaintiffs' familial due process claim failed. *Id.* at 53-54. And they urged

---

[1] Page numbers are from the Court's numbering.

that they did not participate in a conspiracy to use excessive force against Derrick because there was no evidence of agreement to violate Derrick's rights. *Id.* at 67.

County Defendants' arguments that they are entitled to qualified immunity relied on their version of the facts. The County never addressed the cases Plaintiffs identified as clearly establishing that Detective Ferguson's and Deputy Sanders' uses of force were excessive, that County Defendants failed to render medical aid in violation of Derrick's due process rights, or that County Defendants conspired to use excessive force against Derrick. *See generally* Dkt. 159, 184. Instead, County Defendants simply asserted in each instance that Plaintiffs had identified no such cases. Dkt. 159 at 42, 47, 52-53.

In an 86-page decision, this Court found that there were genuine issues of disputed material facts that precluded summary judgment on Plaintiffs' excessive force, failure to render aid, assault/battery, and conspiracy claims. Dkt. 234 at 29-30, 37, 44, 54, 60, 75, 84. The County Defendants have filed a notice of appeal but have not identified what issues it intends to raise on appeal. Dkt. 235. Given this Court's order—finding pervasive factual disputes and resting its ruling on each claim upon factual determinations about the case—there are no non-frivolous issues the County Defendants can appeal.

The County Defendants informed the Court by email and without conferring with Plaintiffs that they believe their notice of appeal divests this Court of jurisdiction to hold a trial in this case. That assertion is incorrect.

## DISCUSSION

### A. Legal Standards

Pursuant to 28 U.S.C. § 1291, the scope of federal appellate jurisdiction is circumscribed and limited almost exclusively to final orders. *See Ortiz*, 562 U.S. at 188. Consequently, denials of summary judgment based on genuine disputes of material facts are not appealable. *Id.* at 184.

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

The collateral-order doctrine provides a narrow exception to the final-judgment rule for a "small class" of cases where immediate appeal is permitted for issues that: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits, and (3) are effectively unreviewable on appeal from a final judgment. *Cohen v. Beneficial Indust. Loan Corp.*, 337 U.S. 541, 546 (1949).

The collateral order doctrine is extremely narrow. *Will v. Hallock*, 546 U.S. 345, 350 (2006) (citing *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)) ("[A]lthough the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership."). In some circumstances, an assertion of qualified immunity can satisfy the collateral bar exception and permit interlocutory review. *Mitchell*, 472 U.S. at 528. For example, where not frivolous, the question of whether there was clearly established law governing certain conduct may be immediately appealable. *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996); *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021).

However, not all interlocutory appeals from a denial of a motion for summary judgment, even those involving qualified immunity, are immediately appealable. *Pauluk Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016) . "A defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones,* 515 U.S. 304, 319-20 (1995). "A purported interlocutory appeal lies outside the Court of Appeals' jurisdiction where it "either relie[s] on disputed facts or … conclusory assertions insufficient to show that [the defendant] they had a colorable claim to qualified immunity even if all inferences were drawn in appellees' favor." *Rodriguez v. County of L.A.*, 891 F.3d 776, 792 (9th Cir. 2018).

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 7

To prevent litigants from abusing the court system when they are dissatisfied with a ruling, and specifically out of concern for plaintiffs in civil-rights cases, the Ninth Circuit has adopted the rule from *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989), holding that while "a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." *Chuman*, 960 F.2d at 105. Should this Court find "the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id.* In short, "the Ninth Circuit has 'authorized the district court to go forward in appropriate cases by certifying [in writing] that an appeal is frivolous or waived.'" *David v. Betts*, No. CV 20-00002 JMS-WRP, 2021 WL 2355391, at *1 (D. Haw. June 9, 2021) (quoting *Rodriguez*, 891 F.3d at 791).

An appeal is frivolous if the appellate court would not have jurisdiction over the matter. *Johnson*, 515 U.S. at 313; *see also Rodriguez*, 891 F.3d at 791-92 (concluding that an interlocutory appeal was frivolous where the appellants' arguments on appeal "relied on disputed facts" because appellate courts may only "exercise jurisdiction over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity."). An appeal is also frivolous when the result is obvious or the appellant's arguments are meritless. *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015).

Under these authorities, courts certify appeals as frivolous where defendants' legal arguments are clearly contrary to established law, and based on factual disputes. *See, e.g.*, *V.R. v. Cnty. of San Bernardino*, 2022 WL 3137728, at *2 (C.D. Cal. Mar. 31, 2022) (certifying appeal as frivolous in part because defendant raised "factual disputes that are improper on appeal");

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 8

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

*Lopez v. City of Riverside*, 2022 WL 17371075, at \*3 (C.D. Cal. Oct. 3, 2022) (certifying defendants' appeal as frivolous due to existing factual disputes despite defendants repeatedly contending they solely relied on undisputed facts and legal arguments); *Roberts v. Khounphixay*, 2021 WL 228894, at \*3 (W.D. Wash. Jan. 22, 2021) (certifying appeal as frivolous where defendant's "arguments require the Court to resolve facts in her favor" but where the defendant's "conduct—when viewing the facts in Plaintiff's favor—would not be in alignment with any constitutional policy"); *Henderson v. City of Torrance*, 2021 WL 3185479, at \*3 (C.D. Cal. Apr. 5, 2021) (certifying appeal as frivolous for two reasons: (1) "Defendants' argument that no triable issues exist is meritless, and merely highlights the fact that Defendants purport to but do not actually accept Plaintiff's version of events" and (2) "Defendants' claim that the Court's qualified immunity analysis was based on a high level of generality regarding clearly established law is simply not accurate"); *Estate of Richard Risher v. City of L.A.*, 2020 WL 13401583, at \*3 (C.D. Cal. Nov. 2, 2020) (certifying appeal as frivolous where defendants "fail[ed] to accept Plaintiffs' facts as true in asserting their entitlement to qualified immunity"); *Fitzpatrick v. Las Vegas Metro. Police Dep't*, 2020 WL 4496500, at \*4-5 (D. Nev. Aug. 4, 2020) (certifying appeal as frivolous where defendant's arguments on appeal relied on interpreting disputed facts in their favor); *Estate of Farmer v. Las Vegas Metro. Police Dep't*, 2019 WL 2471826, at\*4 (D. Nev. June 13, 2019) (certifying appeal as frivolous because the denial of summary judgement was due to a genuine dispute of material fact and because defendant's arguments that plaintiff's rights were not clearly established were without merit); *Craig v. Orange*, 2019 WL 12377861, at \*2–3 (C.D. Cal. Apr. 1, 2019) (certifying appeal as frivolous where defendant asserted his own version of the facts in addressing clearly established law).

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

These cases stand for the proposition that an appeal is frivolous where defendants quibble with facts or disputes of fact established on summary judgment, fail to cite authority, or argue for qualified immunity in the face of clearly established law prohibiting their conduct.

### B. The County Defendants' Interlocutory Appeal Is Frivolous Because They Have Waived Any Argument That They Are Entitled to Qualified Immunity Under Plaintiffs' Facts.

At no point in seeking summary judgment did the County Defendants ever actually assume the truth of Plaintiffs' facts and argue that they were nevertheless entitled to judgment as a matter of law. At no point did the County Defendants ever argue, even if you accept the Plaintiffs' account and interpretation of evidence, the complaints raised do not amount to constitutional violations or contend on the basis of those facts that the rights at issue were not "clearly established" in 2022. *See* Dkt. 159 at 78 ("Although Defendants have raised persuasive arguments about the absence of clearly established law according to their version of events, the Court must evaluate the record in the light most favorable to Plaintiffs and draw all reasonable inferences in their favor."). There is an obvious reason why the County Defendants elected not to make those arguments—they are frivolous. *Id.* at 75 ("For each of the surviving federal claims, the applicable law was clearly established *if* the jury accepts Plaintiffs' version of events but likely not if the jury accepts Defendants' version of events."). No reasonable officer would think he could shoot someone who is running away six times simply because they have a gun; throw munitions at someone who is incapacitated; stand around while someone bleeds out and dies; or conspire to use unnecessary force against someone who is unarmed and severely injured. The County Defendants just deny they did those things. The County can still make those arguments at trial.

But the County Defendants have now forfeited any argument that, based on Plaintiffs' facts, they did not violate clearly established law. Such arguments were never presented to this

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 10

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

Court. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) (affirming that "arguments not raised in the district court will not be considered for the first time on appeal"); *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal . . . are deemed forfeited . . . .") (citation omitted).

In sum, on the facts of this case and the governing rules, the County cannot make any non-frivolous, non-forfeited argument on appeal that is premised on accepting Plaintiffs' version of events because they failed to do so at summary judgment, and did not meet their initial burden of showing the absence of any dispute of any material fact. In other words, in order to appeal this Court's ruling, the County Defendants would have to make forfeited, frivolous, or fact-driven arguments that fall outside the scope of interlocutory appellate jurisdiction. *Rodriguez*, 891 F.3d at 791. The County Defendants' appeal cannot fit within the limited and narrow jurisdiction for interlocutory appeal and should be certified as frivolous.

## C. Any Interlocutory Appeal Would Be Frivolous Because It Would Necessarily Challenge Fact-Bound Rulings and Ignore Clearly Established Law.

There are no issues upon which the County can permissibly appeal the Court's summary judgment order. That is because any such issue would require the Ninth Circuit to adjudicate factual disputes. Defendants could prevail on appeal only if the Ninth Circuit ignores the video evidence and resolves the officers' inconsistent statements about the shooting in their favor by weighing credibility under Civil Jury Instruction 1.14—a task reserved exclusively for the jury, not an appellate court. *Ninth Circuit Manual of Model Civil Jury Instructions* § 1.7 (Credibility of Witnesses) (2024).

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 11

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

### 1. The County Cannot Obtain Review of the Determination that Factual Disputes Exist About Detective Ferguson's Reasonable Belief that Derrick Shot First, and on Plaintiffs' Facts, Derrick's Rights Were Clearly Established.

The Court denied qualified immunity on Plaintiffs' excessive force claim against Detective Ferguson because it identified genuine disputes of material fact regarding whether Derrick posed an immediate threat at the moment he was shot. The Court held that such a dispute existed as to whether Detective Ferguson "believed that Clark pointed his gun or shot at Trooper Cole." Dkt. 159 at 29. Among other things, when asked on scene after the shooting whether he believed Derrick shot, he admitted "I don't think he did." *Id.* The Court explained also that "reasonable jurors could disagree as to whether Clark's flight path in front of Trooper Cole's vehicle qualifies as a harrowing gesture." *Id.* at 30.

This Court's factual determination is outside the scope of interlocutory appellate jurisdiction. Taking the facts in the light most favorable to Plaintiffs—as the law requires at summary judgment—the Court correctly held that Detective Ferguson's use of deadly force violated clearly established Fourth Amendment law. *Id.* at 75. That conclusion follows directly from decades of Supreme Court and Ninth Circuit precedent Plaintiffs identified in their briefing holding that deadly force is unconstitutional absent an immediate threat of death or serious bodily harm. *Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *Curnow v. Ridgecrest Police Dep't*, 952 F.2d 321, 325 (9th Cir. 1991).

The Court expressly relied on *Estate of Lopez v. Gelhaus*, holding that if the jury accepts Plaintiffs' version of events, "Clark's right to be free from excessive force in this context was clearly established at the time of the shooting." Dkt. at 75. (*citing* 871 F.3d 998, 1021 (9th Cir. 2017)). Defendants' appeal can proceed only by rejecting the facts as viewed by the district court and rearguing the facts—precisely what *Johnson* forbids. Because any appeal on this claim

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 12

necessarily "relie[s] on disputed facts," it "lies outside the Court of Appeals' jurisdiction" and is frivolous. *Rodriguez*, 891 F.3d at 792; *Marsh*, 985 F.3d at 731.

### 2. The Ninth Circuit Does Not Have Jurisdiction to Review the Disputed Facts About Time of Death or Whether the County Defendants Knew or Should Have Known Derrick Was Dying When Deputy Sanders Used Force Against Him, and Derrick's Right Against That Use Was Clearly Established.

The Court also identified triable issues as to whether Clark was incapacitated, unresponsive, and no longer a threat when officers deployed flashbang and stinger devices near his body. Dkt. 159 at 42-45. The Court's conclusion rests on significant disputes of fact related to time of death based largely on conflicting expert testimony. *Id.* at 37-38. In summary:

| Source / Actor | Quoted language (Order) |
|---|---|
| Dr. Millius (cardiac death) | "within several seconds after receiving this injury" |
| Dr. Millius (loss of consciousness) | "within approximately [twenty] seconds" |
| Dr. Millius (brain death) | "within [five] to [six] minutes" |
| Dr. Millius (dog-bite timing) | "inflicted immediately before or just after death"; wounds indistinguishable up to "two hours after death" |
| Dr. Okoye (survivability) | Injury "not … sufficient to cause immediate death" |
| Dr. Okoye (audio evidence) | "moaning … approximately [ten] minutes after he was shot" |
| County Defendants | "no reasonable question" deceased at 2:31/2:38; deceased by 2:52 |
| Plaintiffs | "no one knows when [Clark] died" |
| Court | "genuine dispute of material fact as to Clark's time of death" |

That is a quintessential factual question for which there can be no interlocutory appeal.

The Court also held there was a genuine issue of material fact as to whether Deputy Sanders "should have known Clark was unconscious and near death but [he] continued firing explosives that detonated near or on top of him," and that, under those facts, his conduct violated clearly established law. *Id.* at 76. That finding rests on decades-old Ninth Circuit authority clearly establishing that force—particularly force capable of causing serious injury—is unlawful once a suspect no longer poses an immediate threat. *Deorle v. Rutherford*, 272 F.3d 1272, 1281-85 (9th Cir. 2001); *Nelson v. City of Davis*, 685 F.3d 867, 885-86 (9th Cir. 2012).

The Court of Appeals would not have jurisdiction over any arguments the County could make on appeal, because any such arguments would be frivolous.

### 3. The Court's Determination That There Is a Triable Issue of Fact on Plaintiffs' Failure to Render Aid and Familial Due Process Claims Cannot Be Appealed Yet, and It Is Clearly Established Under Plaintiffs Facts That the County Defendant's Conduct Violated Derrick's Rights.

This Court held that factual issues precluded summary judgment on these claims. First, a reasonable jury could find that officers knew Clark was seriously wounded and nevertheless failed to render or allow medical assistance, despite observing prolonged immobility and evidence of bleeding. Dkt. 159 at 53. Second, this Court found that "genuine disputes of material fact about . . . the survivability of [Derrick's] injuries . . . preclude entry of summary judgment." *Id.* at 54. In reaching that conclusion, the Court noted conflicting evidence, including the medical examiner's opinion that the injuries were "rapidly fatal" and a second autopsy suggesting the injuries were potentially survivable with timely medical care. *Id.* at 37-38.

Assuming Plaintiffs' version of the facts—as it was required to do at summary judgment—the Court correctly concluded that the County Defendants violated Derrick's clearly established substantive due process rights under the state-created danger doctrine. *Id.* at 76-77. As the Court explained, "it was clearly established that failing to provide medical aid in that context violated the Due Process Clause." *Id.* (citing *Estate of Soakai v. Abdelaziz*, 137 F.4th 969, 985-86 (9th Cir. 2025), *cert. denied sub nom. Abdelaziz v. Soakai*, No. 25-427, 2026 WL 568296 (U.S. Mar. 2, 2026); *Martinez v. City of Clovis*, 943 F.3d 1260, 1274 (9th Cir. 2019); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1067 (9th Cir. 2006)). *See also Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997); *Maxwell v. County of San Diego*, 708 F.3d 1075, 1082-83 (9th Cir. 2013).

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 14

Relying on this binding authority, the Court held that "if the jury concludes Defendants knew Clark was injured, incapacitated, and no longer a threat, failure to render or allow aid would violate clearly established law." Dkt. 159 at 76. The Court also recognized that the Ninth Circuit held in *Abdelaziz* that it was clearly established that officers violate a person's substantive due process rights where they make 'it impossible for anyone to provide emergency medical care to [the decedent].' " *Id.* at 76-77 n.17 (quoting *Abdelaziz*, 137 F.4th at 985-86; citing in turn *Penilla*, 115 F.3d at 710)). The Court properly concluded that the County Defendants violated clearly established law under Plaintiffs' facts.

Any appeal of the Court's rulings on Plaintiffs' Failure to Render Aid and Familial Due Process claims is therefore frivolous.

**4.    The County Cannot Appeal this Court's Determination That Plaintiffs Presented Facts Supporting a Conspiracy to Use Excessive Force, Nor Can It Prevail on a Claim that Even Under Those Facts Its Deputies Did Not Violate Clearly Established Law.**

The Court held that "a reasonable juror could conclude that Deputy Sanders and Officers Robinson, Mawson, and Reynolds (and perhaps an unidentified co-conspirator) conspired to use unconstitutional excessive force on Clark." Dkt. 159 at 71. In particular, body-worn video footage showed Reynolds suggesting that they "just give [Derrick] the rotary," Deputy Sanders testified that Officer Robinson asked him to deploy the munitions, and Deputy Sanders also acknowledged that he suggested that they "might 'drop a bang' on [Derrick] and 'toss a bang right in [Derrick's] lap.' " *Id.* at 70. The Court had already concluded that, taking the facts in the light most favorable to Plaintiffs, it was clearly established that this use of force was excessive. *Id.* at 76. The Court thus correctly concluded that Sanders, Robinson, and Reynolds were not entitled to qualified immunity. Because the County cannot appeal this Court's rulings without challenging its factual determinations or making obviously non-meritorious arguments about

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

what law is clearly established, any appeal of the Court's order allowing Plaintiffs' Conspiracy claim against these Defendants to proceed would be frivolous.

### 5. Allowing the County Defendants to Stay Trial Pending Resolution of An Interlocutory Appeal Would Permit the Type of Abuse the Ninth Circuit Sought to Avoid in *Chuman*.

The Ninth Circuit's holding in *Chuman* that a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction was born of concern that litigants would abuse the court system when they are dissatisfied with a ruling, and specifically out of concern for plaintiffs in civil-rights cases. *Chuman*, 960 F.2d at 105. Certifying an appeal frivolous is designed to prevent injustice to families that otherwise could be caused by abuse of a rule allowing only one side of a lawsuit to seek interlocutory appeal. "Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial," the Ninth Circuit has "authorized the district court to go forward [to trial] in appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez*, 891 F.3d at 790-91.

That concern is squarely implicated here. The County incorrectly asserted that this Court has been divested of jurisdiction by its notice that it will frivolously appeal this Court's rulings. On that basis, it seeks to indefinitely delay trial and forestall its expert disclosures. The delay the County requests would cause harm to Derrick Clark's family, who have already endured years of litigation marked by discovery disputes, lost evidence, and repeated postponements, and who this Court has held are entitled to have their claims heard by a jury.

Any interlocutory appeal the County could file would be precisely the kind of fact-bound and legally non-meritorious challenge that unjustly deprives families of closure and that the certification-as-frivolous doctrine is intended to prevent.

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

**CONCLUSION**

The County Defendants forfeited their opportunity to argue that no clearly established law put them on notice that their conduct, on Plaintiffs' version of the facts, violated Derrick's constitutional rights. They, moreover, cannot seek interlocutory appeal of this Court's summary judgment order without asking the Ninth Circuit to reverse this Court's factual determinations or making legally non-meritorious arguments about clearly established law. Because the County has no non-forfeited, non-frivolous claims on interlocutory appeal, Plaintiffs respectfully request that the Court certify the County's appeal as frivolous and order that the parties shall proceed to trial as scheduled.

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 17

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 4,171 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED                                    April 24, 2026

                                        STRITMATTER LAW

                                        */s/ Mo Ali Hamoudi*
                                        Edward H. Moore, WSBA 41584
                                        (Admitted *Pro Hac Vice*)
                                        Mohammad "Mo" Ali Hamoudi, WSBA 48512
                                        (Admitted *Pro Hac Vice*)
                                        Darcy C. Covert, WSBA 57137
                                        (Admitted *Pro Hac Vice*)
                                        3600 15th Avenue West #300
                                        Seattle, WA  98119
                                        Phone:  206.448.1777
                                        ed@stritmatter.com
                                        mo@stritmatter.com
                                        darcy@stritmatter.com

                                        GRUBE OREHOSKI, PLLC
                                        Joseph A. Grube, OSB 96976
                                        1200 Fifth Avenue, Ste 1711
                                        Seattle, WA 98101
                                        Ph. 206.624.5975
                                        joe@go-trial.com

                                        Counsel for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system and which specifically identifies recipients of electronic notice. The same being sent via email to the following:

Scott Ciecko, OSB#045587
Clackamas Co Legal Counsel
2051 Kaen Road
Oregon City, OR 97045
Ph. 503-742-5391
sciecko@clackamas.us
kvonk@clackamas.us
Counsel for Defendants Clackamas Co. and Ferguson

Andrew D. Campbell, OSB#022647
Elayna Z Matthews, OSB#154538
Helzel Williams, PC
117 Commercial Street NE, Ste 400
PO Box 1048
Salem, OR 97308
Ph. 50-585-4422 x 314
andrew@heltzel.com
mmartz@heltzel.com
Counsel for Defendant Mawson

Dan Rayfield
Attorney General
Sara Del Rubin, OSB#232414
Assistant Attorney General
Drew K. Baumchen, OSB#045032
Jessica O'Kampfe, OSB#063887
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fx. 971-673-5000
Sara.DelRubin@doj.oregon.gov
Drew.Baumchen@doj.oregon.gov
Jessica.Kampfe@doj.oregon.gov
Counsel for Defendants Cole

DATED this 24th day of April, 2026.

/s/ Mo Hamoudi
Mo Hamoudi
Attorney for Plaintiffs

PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 19