Joseph A. Grube, OSB #962976
joe@go-trial.com
GRUBE OREHOSKI, PLLC
1200 Fifth Avenue, Ste 1711
Seattle, WA 98101
Ph. 206.624.5975/Fax. 206.770.7607

Mohammad "Mo" Ali Hamoudi WSBA#48512, (Adm. *PHV*)
Edward H. Moore, WSBA #41584 (Adm. *PHV*)
Darcy Covert, WSBA #57137 (Adm. *PHV*)
mo@stritmatter.com
ed@stritmatter.com
darcy@stritmatter.com
STRITMATTER LAW
3600 15th Avenue W., 300
Seattle, WA 98119
Telephone:  206.448.1777

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SARAH MILES, as Personal Representative of the Estate of Derrick Dewayne Clark, Jr.; and on behalf of the minor child R.L.C.; minor sibling D.M.M.; and mother SARAH MILES in her individual capacity,<br><br>   Plaintiffs,<br><br>vs.<br><br>CLACKAMAS COUNTY, a municipal corporation; DEPUTY DANIEL FERGUSON, NICHOLAS ADLER, JASON BENTO, MATTHEW BROWN, SHAWN CHOE, AARON CLARK, JORDAN FERGUSON, SIERRA HANCOCK, DAVID HEIMBUCK, NATHAN HULSEY, ANDY KIESEL, KYLE MALIZIA, DONALD McCAFFERTY, BETH MAYER, JERED REYNOLDS, RYAN ROGERS, PETER ROBINSON, HAYDEN SANDERS, SAMUEL TOOZE, ADAM TAYLOR, MICHAEL ZACHER, GRANT ZAITZ; ZACHARY COLE; ALEXANDER MAWSON; AND OFFICERS DOES I-X,<br><br>   Defendants. | NO.  3:23-cv-01805-SB<br><br>**PLAINTIFFS' MOTION TO CERTIFY DEFENDANT MAWSON'S APPEAL FRIVOLOUS**<br><br>***ORAL ARGUMENT REQUESTED*** |

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................... 2

TABLE OF AUTHORITIES ............................................................................................ 3

INTRODUCTION ............................................................................................................ 4

BACKGROUND .............................................................................................................. 5

DISCUSSION ................................................................................................................... 8

    A.   Legal Standards...................................................................................................... 8

    B.   Mawson's Appeal Is Frivolous Because He Has Waived Any Argument That He is Entitled to Qualified Immunity Under Plaintiffs' Facts. .................................................. 11

    C.   Any Interlocutory Appeal Would Be Frivolous Because It Would Necessarily Challenge Fact-Bound Rulings and Ignore Clearly Established Law................................................ 13

        1. The Ninth Circuit Does Not Have Jurisdiction to Review the Disputed Facts About Time of Death or Whether Mawson Knew or Should Have Known Derrick Was Dying When Deputy Sanders Used Force Against Him, and Derrick's Right Against That Use Was Clearly Established................................................................................. 13

        2. The Court's Determination That There Is a Triable Issue of Fact on Plaintiffs' Failure to Render Aid and Familial Due Process Claims Cannot Be Appealed Yet, and It Is Clearly Established Under Plaintiffs' Facts That Mawson's Conduct Violated Derrick's Rights. ............................................................................................. 14

        3. Mawson Cannot Appeal this Court's Determination That Plaintiffs Presented Facts Supporting a Conspiracy to Use Excessive Force, Nor Can He Prevail on a Claim that Even Under Those Facts He Did Not Violate Clearly Established Law. ................... 15

        4. Mawson Cannot Challenge the Court's Determination That Plaintiffs' Facts Support an Intentional Discrimination Claim, Nor Could He Prevail on the Theory That Those Facts Fail to Show a Violation of Clearly Established Law Because Qualified Immunity Is Unavailable For Intentional Discrimination........................................... 16

        5. Allowing Mawson to Stay Trial Pending Resolution of An Interlocutory Appeal Would Permit the Type of Abuse the Ninth Circuit Sought to Avoid in *Chuman*. ................. 17

CONCLUSION................................................................................................................ 18

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

# TABLE OF AUTHORITIES

**Cases**

*Abdelaziz v. Soakai*, No. 25-427, 2026 WL 568296 (U.S. Mar. 2, 2026) .................................. 15

*Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989) ............................................................ 9

*Behrens v. Pelletier*, 516 U.S. 299 (1996) ................................................................. 5, 9

*Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004 (9th Cir. 2015) ............................ 10

*Cohen v. Beneficial Indust. Loan Corp.*, 337 U.S. 541 (1949) .............................................. 8

*Cordova v. State Farm Ins. Cos.*, 124 F.3d 1145 (9th Cir. 1997) .......................................... 17

*Craig v. Orange*, 2019 WL 12377861 (C.D. Cal. Apr. 1, 2019) ............................................. 11

*David v. Betts*, No. CV 20-00002 JMS-WRP, 2021 WL 2355391 (D. Haw. June 9, 2021) ........ 10

*Deorle v. Rutherford*, 272 F.3d 1272 (9th Cir. 2001) ..................................................... 14

*Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863 (1994) ...................................... 8

*Estate of Anderson v. Marsh*, 985 F.3d 726 (9th Cir. 2021) ............................................... 9

*Estate of Farmer v. Las Vegas Metro. Police Dep't*, 2019 WL 2471826 (D. Nev. June 13, 2019) ....................................................................................................................... 11

*Estate of Richard Risher v. City of L.A.*, 2020 WL 13401583 (C.D. Cal. Nov. 2, 2020) ............. 11

*Estate of Soakai v. Abdelaziz*, 137 F.4th 969 (9th Cir. 2025) ........................................ 14, 15

*Fitzpatrick v. Las Vegas Metro. Police Dep't*, 2020 WL 4496500 (D. Nev. Aug. 4, 2020) ........ 11

*George v. Morris*, 736 F.3d 829 (9th Cir. 2013) ........................................................... 4

*Henderson v. City of Torrance*, 2021 WL 3185479 (C.D. Cal. Apr. 5, 2021) ............................ 11

*Hernandez v. County of Marin*, 2013 WL 6055224 (N.D. Cal. Nov. 14, 2013) ........................ 16

*In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772 (9th Cir. 2014) ................................... 12

*Johnson v. Jones*, 515 U.S. 304 (1995) .............................................................. 4, 9, 10

*Kennedy v. City of Ridgefield*, 439 F.3d 1055 (9th Cir. 2006) ........................................... 15

*King v. City of Eastpointe*, 86 F. App'x 790 (6th Cir. 2003) ............................................ 17

*Lopez v. City of Riverside*, 2022 WL 17371075 (C.D. Cal. Oct. 3, 2022) .............................. 10

*Marks v. Clarke*, 102 F.3d 1012 (9th Cir. 1996) ........................................................... 4

*Martinez v. City of Clovis*, 943 F.3d 1260 (9th Cir. 2019) .............................................. 15

*Maxwell v. County of San Diego*, 708 F.3d 1075 (9th Cir. 2013) ....................................... 15

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ................................................................ 4, 9

*Monetti v. City of Seattle*, 875 F. Supp. 2d 1221 (W.D. Wash. 2012) ................................... 16

*Nelson v. City of Davis*, 685 F.3d 867 (9th Cir. 2012) ................................................... 14

*Oltarzewski v. Ruggiero*, 830 F.2d 136 (9th Cir. 1987) .................................................. 16

*Orr v. Plumb*, 884 F.3d 923 (9th Cir. 2018) .............................................................. 12

*Ortiz v. Jordan*, 562 U.S. 180 (2011) .................................................................. 4, 8

*Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997) ...................................... 15

*Roberts v. Khounphixay*, 2021 WL 228894 (W.D. Wash. Jan. 22, 2021) ................................ 10

*Rodriguez v. County of L.A.*, 891 F.3d 776 (9th Cir. 2018) ................................ 9, 10, 13, 17

*Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104 (9th Cir. 1991) ........................ 17

*V.R. v. Cnty. of San Bernardino*, 2022 WL 3137728 (C.D. Cal. Mar. 31, 2022) ....................... 10

*Will v. Hallock*, 546 U.S. 345 (2006) ...................................................................... 8

**Statutes**

28 U.S.C. § 1291 ........................................................................................... 4, 8

**Other Authorities**

*Ninth Circuit Manual of Model Civil Jury Instructions*  (2024) .............................................. 13

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 3

**INTRODUCTION**

On March 30, 2026, this Court issued an order mostly denying Defendant Mawson's Motion for Summary Judgment. Given the nature of Plaintiffs' claims and Mawson's motion, the Court's ruling was necessarily fact-intensive. The Court therefore concluded that multiple genuine disputes of material fact precluded judgment as a matter of law.

The Court should dismiss Mawson's interlocutory appeal as frivolous because the Ninth Circuit lacks jurisdiction to hear it under 28 U.S.C. § 1291. Generally, this Court's determination that factual disputes preclude summary judgment is categorically unreviewable because it is not a final order that would provide the appellate court with jurisdiction. *See Ortiz v. Jordan*, 562 U.S. 180, 189 (2011); *George v. Morris*, 736 F.3d 829, 834 (9th Cir. 2013) ("Any decision by the district court 'that the parties' evidence presents genuine issues of material fact is categorically unreviewable on interlocutory appeal.'"). Under the collateral bar doctrine, a narrow exception to the final-judgment rule exists for appeals involving issues that are both purely legal and collateral to the merits of the case; fact-bound disputes about what will be proved at trial remain out of bounds as do legal arguments about the merits of the case. *Johnson v. Jones*, 515 U.S. 304, 313 (1995); *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

Recognizing that parties may attempt interlocutory appeals that obviously exceed the collateral bar doctrine, the law empowers this Court to enter an order finding that an attempted interlocutory appeal is frivolous or waived, including because the assertion of qualified immunity is itself baseless. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). To be sure, the Supreme Court has "endorsed the district court's power to certify a defendant's interlocutory appeal of the denial of qualified immunity as frivolous or forfeited as a means of protecting civil rights plaintiffs from abusive successive pre-trial assertions of qualified immunity." *Marks v. Clarke*, 102 F.3d 1012, 1017 n.8 (9th Cir. 1996) (citing *Behrens v. Pelletier*, 516 U.S. 299

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 4

(1996)). This Court should enter such an order here. Mawson intends to raise arguments on appeal challenging this Court's factual determinations; he intends to raise what they claim are "legal" arguments but that are just about the merits of the case premised on their assertion of the facts; and any claims about qualified immunity are frivolous.

## BACKGROUND

As this Court is aware, this suit is about the unconstitutional shooting death of Derrick Clark and the subsequent additional excessive uses of force, failure to render aid, and racial slurs that followed. *See generally* Dkt. 121.

### A.  Mawson's Summary Judgment Motion

Mawson moved for summary judgment on Plaintiffs' intentional discrimination, conspiracy, and failure to render aid claims against him. Dkt. 186. In so doing, Mawson repeatedly urged judgment as a matter of law by asserting that there are "no disputed facts" because he "did not use any force on Mr. Clark" and was "not present at the scene of the traffic stop and the shooting." *Id.* at 4. He asked the Court to credit his own interpretations of events, including his conclusion that Mr. Clark was "likely . . . deceased" by the time he arrived on scene, that Mawson "did not observe that Mr. Clark needed medical intervention," and that his comments, though "flip and insensitive," were not "motivated by racial animus." *Id.* at 3-6. Without addressing or grappling with Plaintiffs' evidence concerning the timing of Mr. Clark's death, Mawson resolved disputed inferences in his own favor, asserting that "there was no medical treatment that would have saved Mr. Clark's life" and that his death was "unavoidable," even when "all variables are resolved in Mr. Clark's favor." *Id.* at 4. Mawson's arguments that he is entitled to qualified immunity relied solely on his version of the facts. *Id.* at 5, 7, 8.

Mawson also argued that his own account of events established genuine issues of material fact as to the conspiracy and failure to render aid claims. He acknowledged that when

Defendant Sanders threw the flash bang at Derrick, he saw "no response" from the heat signature and "concluded it was likely that Mr. Clark was deceased." *Id.* at 3. His own expert declared that medical personnel would never enter a scene like this one without law enforcement first clearing it and that, at Derrick's level of blood loss per the autopsy, a person would be "anxious and confused." Dkt. 188-2 at 4, 6.

Plaintiffs presented additional evidence creating genuine issues of material fact. Expert Dr. Okoye opined the wounds were "small and repairable through surgical intervention" and that Mr. Clark's "chances of survival within the first hour post-injury were significant." Dkt. 205, Ex. I. Mawson made additional statements during his deposition indicating he strongly suspected that Derrick was incapacitated before Defendant Sanders threw munitions at Derrick. Dkt. 123 at 7-10; Dkt. 204 at 2. Mawson also knew that law enforcement had found Derrick's gun. *Id.* at 7.

Plaintiffs also directly confronted the legal issues Mawson sought to evade. Plaintiffs pointed out that qualified immunity is unavailable for intentional discrimination because it is beyond debate that officers may not treat individuals disparately based on their race. Dkt. 204 at 4. Plaintiffs also explained it is clearly established under U.S. Supreme Court case law that the intra-corporate conspiracy doctrine applies only to agents from the same legal entity and therefore offers no protection where Mawson conspired with CCSO deputies. *Id.* at 5-6. Finally, Plaintiffs demonstrated that it is also beyond debate that knowing medical personnel has been staged away from the scene but do not have access to the injured person does not satisfy law-enforcement's duty to render aid. *Id.* at 6-9.

In his reply, Mawson still did not contend with the facts in the light most favorable to the Plaintiffs. He provided no reply at all regarding intentional discrimination. *See* Dkt. 218. He contended—based on his assertion there is "no evidence in the record" of delay and that he "had

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 6

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

nothing to do with when paramedics were brought" rather than based on Plaintiffs' facts—that Mawson's duty to provide aid to Derrick was not clearly established. *Id.* at 2-4. And rather than addressing the law Plaintiffs cited to the contrary, he continued to insist without legal basis that the intra-corporate conspiracy doctrine may apply to law enforcement agents with different employers. *Id.* at 4-6.

### B. The Court's Order

In an 86-page decision, this Court found that genuine issues of material fact existed that precluded summary judgment in on Plaintiffs' failure to render aid, familial due process, conspiracy, and intentional discrimination claims against Mawson. Dkt 234 at 52, 62, 64, 71. The Court concluded that conflicting evidence from Dr. Millius and Dr. Okoye created a genuine dispute of material fact as to Derrick's time of death such that a reasonable juror could conclude that Derrick was alive during Mawson's conduct. *Id.* at 37-38. Based on Mawson's own statements captured on body-worn video and in his declaration, the Court found that a triable issue of fact existed on Plaintiffs' failure to render aid claim because "a reasonable juror could conclude that the County Defendants and Officer Mawson knew that Clark was injured and incapacitated" and that Mawson's conduct increased the danger to Derrick by failing to render aid and preventing others from rendering aid. *Id.* at 50-52. For the same reasons, the Court concluded that genuine disputes of material fact precluded summary judgment on Plaintiffs' familial due process claim against Mawson. *Id.* at 61-62. The Court next found that "[a] genuine dispute of material fact also exists with respect to whether Officer Mawson violated Clark's constitutional rights based on racial animus," including because of Mawson's repeated use of the term "ole boy," and that Mawson was therefore not entitled to qualified immunity on Plaintiffs' equal protection claim. *Id.* at 64-65. Finally, the Court found that, based on Mawson's statements

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

on his body-worn video, "a reasonable juror could conclude that" he and four CCSO deputies conspired to use excessive force against Derrick. *Id.* at 71-72.

The Court likewise concluded that Mawson was not entitled to qualified immunity on Plaintiffs' claims against him. Dkt. 234 at 74-77. In doing so, the Court recognized case law clearly establishing the need to render aid under the facts taken in the light most favorable to Plaintiffs, "that law enforcement officers may not treat individuals disparately based on their race," and that the intra-corporate conspiracy doctrine does not apply to law enforcement officers from different agencies. *Id.* at 70-71, 76-77.

### C. Mawson's Notice of Appeal

In an email to the Court, Mawson asserted that pretrial deadlines and trial dates automatically stay while the appeal is pending if he were to file a notice of appeal, including the upcoming April 30 deadline. That assertion is incorrect.

### DISCUSSION

### A. Legal Standards

Pursuant to 28 U.S.C. § 1291, the scope of federal appellate jurisdiction is circumscribed and limited almost exclusively to final orders. *See Ortiz*, 562 U.S. at 188. Consequently, denials of summary judgment based on genuine disputes of material facts are not appealable. *Id.* at 184.

The collateral-order doctrine provides a narrow exception to the final-judgment rule for a "small class" of cases where immediate appeal is permitted for issues that: (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits, and (3) are effectively unreviewable on appeal from a final judgment. *Cohen v. Beneficial Indust. Loan Corp.*, 337 U.S. 541, 546 (1949).

The collateral order doctrine is extremely narrow. *Will v. Hallock*, 546 U.S. 345, 350 (2006) (citing *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994))

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 8

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

("[A]lthough the Court has been asked many times to expand the 'small class' of collaterally appealable orders, we have instead kept it narrow and selective in its membership."). In some circumstances, an assertion of qualified immunity can satisfy the collateral bar exception and permit interlocutory review. *Mitchell*, 472 U.S. at 528. For example, where not frivolous, the question of whether there was clearly established law governing certain conduct may be immediately appealable. *See Behrens v. Pelletier*, 516 U.S. 299, 313 (1996); *Estate of Anderson v. Marsh*, 985 F.3d 726, 731 (9th Cir. 2021).

However, not all interlocutory appeals from a denial of a motion for summary judgment, even those involving qualified immunity, are immediately appealable. *Pauluk Savage*, 836 F.3d 1117, 1121 (9th Cir. 2016) . "A defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Johnson v. Jones,* 515 U.S. 304, 319-20 (1995). "A purported interlocutory appeal lies outside the Court of Appeals' jurisdiction where it "either relie[s] on disputed facts or … conclusory assertions insufficient to show that [the defendant] they had a colorable claim to qualified immunity even if all inferences were drawn in appellees' favor." *Rodriguez v. County of L.A.*, 891 F.3d 776, 792 (9th Cir. 2018).

To prevent litigants from abusing the court system when they are dissatisfied with a ruling, and specifically out of concern for plaintiffs in civil-rights cases, the Ninth Circuit has adopted the rule from *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir.1989), holding that while "a proper appeal from a denial of qualified immunity automatically divests the district court of jurisdiction to require the appealing defendants to appear for trial, a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." *Chuman*, 960 F.2d at 105. Should this Court find "the defendants' claim of qualified immunity is frivolous or has been waived, the

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

district court may certify, in writing, that defendants have forfeited their right to pretrial appeal, and may proceed with trial." *Id.* In short, "the Ninth Circuit has 'authorized the district court to go forward in appropriate cases by certifying [in writing] that an appeal is frivolous or waived.'" *David v. Betts*, No. CV 20-00002 JMS-WRP, 2021 WL 2355391, at *1 (D. Haw. June 9, 2021) (quoting *Rodriguez*, 891 F.3d at 791).

An appeal is frivolous if the appellate court would not have jurisdiction over the matter. *Johnson*, 515 U.S. at 313; *see also Rodriguez*, 891 F.3d at 791-92 (concluding that an interlocutory appeal was frivolous where the appellants' arguments on appeal "relied on disputed facts" because appellate courts may only "exercise jurisdiction over issues that do not require resolution of factual disputes, including in cases where officers argue that they have qualified immunity."). An appeal is also frivolous when the result is obvious or the appellant's arguments are meritless. *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015).

Under these authorities, courts certify appeals as frivolous where defendants' legal arguments are clearly contrary to established law, and based on factual disputes. *See, e.g.*, *V.R. v. Cnty. of San Bernardino*, 2022 WL 3137728, at *2 (C.D. Cal. Mar. 31, 2022) (certifying appeal as frivolous in part because defendant raised "factual disputes that are improper on appeal"); *Lopez v. City of Riverside*, 2022 WL 17371075, at *3 (C.D. Cal. Oct. 3, 2022) (certifying defendants' appeal as frivolous due to existing factual disputes despite defendants repeatedly contending they solely relied on undisputed facts and legal arguments); *Roberts v. Khounphixay*, 2021 WL 228894, at *3 (W.D. Wash. Jan. 22, 2021) (certifying appeal as frivolous where defendant's "arguments require the Court to resolve facts in her favor" but where the defendant's "conduct—when viewing the facts in Plaintiff's favor—would not be in alignment with any constitutional policy"); *Henderson v. City of Torrance*, 2021 WL 3185479, at *3 (C.D. Cal. Apr.

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

5, 2021) (certifying appeal as frivolous for two reasons: (1) "Defendants' argument that no triable issues exist is meritless, and merely highlights the fact that Defendants purport to but do not actually accept Plaintiff's version of events" and (2) "Defendants' claim that the Court's qualified immunity analysis was based on a high level of generality regarding clearly established law is simply not accurate"); *Estate of Richard Risher v. City of L.A.*, 2020 WL 13401583, at *3 (C.D. Cal. Nov. 2, 2020) (certifying appeal as frivolous where defendants "fail[ed] to accept Plaintiffs' facts as true in asserting their entitlement to qualified immunity"); *Fitzpatrick v. Las Vegas Metro. Police Dep't*, 2020 WL 4496500, at *4-5 (D. Nev. Aug. 4, 2020) (certifying appeal as frivolous where defendant's arguments on appeal relied on interpreting disputed facts in their favor); *Estate of Farmer v. Las Vegas Metro. Police Dep't*, 2019 WL 2471826, at*4 (D. Nev. June 13, 2019) (certifying appeal as frivolous because the denial of summary judgement was due to a genuine dispute of material fact and because defendant's arguments that plaintiff's rights were not clearly established were without merit); *Craig v. Orange*, 2019 WL 12377861, at *2–3 (C.D. Cal. Apr. 1, 2019) (certifying appeal as frivolous where defendant asserted his own version of the facts in addressing clearly established law).

These cases stand for the proposition that an appeal is frivolous where defendants quibble with facts or disputes of fact established on summary judgment, fail to cite authority, or argue for qualified immunity in the face of clearly established law prohibiting their conduct.

**B. Mawson's Appeal Is Frivolous Because He Has Waived Any Argument That He is Entitled to Qualified Immunity Under Plaintiffs' Facts.**

At no point in seeking summary judgment did Mawson assume the truth of Plaintiffs' facts and argue that he was nevertheless entitled to judgment as a matter of law. Instead, he simply argued the version of the evidence he prefers. His motion for summary judgment did not even mention his statements in urging he was entitled to qualified immunity on Plaintiffs' equal

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 11

protection claim. Dkt. 186 at 4-6. He did not address Plaintiffs' § 1983 conspiracy claim. *Id.* at 6-7. And he asserted that "there was no medical aid to render" to Derrick, *id.* at 8, and that the record was "completely devoid of any evidence that [he] did anything to hold back or delay medical treatment," Dkt. 218 at 2. Although he purported in a single instance to be "viewing the evidence in a light favorable to Plaintiffs," he did not actually do so, instead ignoring competing facts and asserting that he "did not observe that Mr. Clark needed medical intervention." Dkt. 186 at 6.

At no point did Mawson ever accept the Plaintiffs' account of the contested facts and argue that the Plaintiffs claims do not amount to constitutional violations or contend on the basis of the Plaintiffs facts that the rights at issue were not "clearly established" in 2022. *See* Dkt. 159 at 78 ("Although Defendants have raised persuasive arguments about the absence of clearly established law according to their version of events, the Court must evaluate the record in the light most favorable to Plaintiffs and draw all reasonable inferences in their favor.").

Mawson can argue his version of the facts at trial, but he has now forfeited any argument that, based on Plaintiffs' facts, he did not violate clearly established law. Such arguments were never presented to this Court. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) (affirming that "arguments not raised in the district court will not be considered for the first time on appeal"); *Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("The usual rule is that arguments raised for the first time on appeal . . . are deemed forfeited . . . .") (citation omitted).

In sum, Mawson cannot make any non-frivolous, non-forfeited argument on appeal that is premised on accepting Plaintiffs' version of events because he failed to do so at summary judgment, and he did not meet his initial burden of showing the absence of any dispute of any

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 12

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

material fact. *Rodriguez*, 891 F.3d at 791. Mawson's appeal therefore cannot fit within the limited and narrow jurisdiction for interlocutory appeal and should be certified as frivolous.

**C.  Any Interlocutory Appeal Would Be Frivolous Because It Would Necessarily Challenge Fact-Bound Rulings and Ignore Clearly Established Law.**

There are no issues upon which Mawson can permissibly appeal the Court's summary judgment order. That is because any such appellate issue would require the Ninth Circuit to adjudicate factual disputes. Mawson can prevail on appeal only if the Ninth Circuit ignores what he said on video, what he did or did not do, Plaintiff's evidence, and resolves all inconsistencies in his favor by weighing credibility under Civil Jury Instruction 1.14—a task reserved exclusively for the jury, not an appellate court. *Ninth Circuit Manual of Model Civil Jury Instructions* § 1.7 (Credibility of Witnesses) (2024).

**1.  The Ninth Circuit Does Not Have Jurisdiction to Review the Disputed Facts About Time of Death or Whether Mawson Knew or Should Have Known Derrick Was Dying When Deputy Sanders Used Force Against Him, and Derrick's Right Against That Use Was Clearly Established.**

The Court identified triable issues as to whether Clark was incapacitated, unresponsive, and no longer a threat when officers deployed flashbang and stinger devices near his body. Dkt. 159 at 42-45. The Court's conclusion rests on significant disputes of fact related to time of death based largely on conflicting expert testimony. *Id.* at 37-38. In summary:

| Source / Actor | Quoted language (Order) |
| --- | --- |
| Dr. Millius (cardiac death) | "within several seconds after receiving this injury" |
| Dr. Millius (loss of consciousness) | "within approximately [twenty] seconds" |
| Dr. Millius (brain death) | "within [five] to [six] minutes" |
| Dr. Millius (dog-bite timing) | "inflicted immediately before or just after death"; wounds indistinguishable up to "two hours after death" |
| Dr. Okoye (survivability) | Injury "not … sufficient to cause immediate death" |
| Dr. Okoye (audio evidence) | "moaning … approximately [ten] minutes after he was shot" |
| County Defendants | "no reasonable question" deceased at 2:31/2:38; deceased by 2:52 |
| Plaintiffs | "no one knows when [Clark] died" |
| Court | "genuine dispute of material fact as to Clark's time of death" |

That is a quintessential factual question for which there can be no interlocutory appeal.

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 13

The Court also held there was a genuine issue of material fact as to whether Mawson "should have known Clark was unconscious and near death but [he] continued firing explosives that detonated near or on top of him," and that, under those facts, his conduct violated clearly established law. *Id.* at 76. That finding rests on decades-old Ninth Circuit authority clearly establishing that force—particularly force capable of causing serious injury—is unlawful once a suspect no longer poses an immediate threat. *Deorle v. Rutherford*, 272 F.3d 1272, 1281-85 (9th Cir. 2001); *Nelson v. City of Davis*, 685 F.3d 867, 885-86 (9th Cir. 2012).

The Court of Appeals would not have jurisdiction over any arguments Mawson could make on appeal, because any such arguments would be frivolous.

> **2. The Court's Determination That There Is a Triable Issue of Fact on Plaintiffs' Failure to Render Aid and Familial Due Process Claims Cannot Be Appealed Yet, and It Is Clearly Established Under Plaintiffs' Facts That Mawson's Conduct Violated Derrick's Rights.**

This Court held that factual issues precluded summary judgment on these claims. First, a reasonable jury could find that officers knew Clark was seriously wounded and nevertheless failed to render or allow medical assistance, despite observing prolonged immobility and evidence of bleeding. Dkt. 159 at 53. Second, this Court found that "genuine disputes of material fact about . . . the survivability of [Derrick's] injuries . . . preclude entry of summary judgment." *Id.* at 54. In reaching that conclusion, the Court noted conflicting autopsy evidence. *Id.* at 37-38.

Assuming Plaintiffs' version of the facts—as it was required to do at summary judgment—the Court correctly concluded that Mawson violated Derrick's clearly established substantive due process rights under the state-created danger doctrine. *Id.* at 76-77. As the Court explained, "it was clearly established that failing to provide medical aid in that context violated the Due Process Clause." *Id.* (citing *Estate of Soakai v. Abdelaziz*, 137 F.4th 969, 985-86 (9th Cir. 2025), *cert. denied sub nom. Abdelaziz v. Soakai*, No. 25-427, 2026 WL 568296 (U.S. Mar.

2, 2026); *Martinez v. City of Clovis*, 943 F.3d 1260, 1274 (9th Cir. 2019); *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1067 (9th Cir. 2006)). *See also Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997); *Maxwell v. County of San Diego*, 708 F.3d 1075, 1082-83 (9th Cir. 2013).

Relying on this binding authority, the Court held that "if the jury concludes Defendants knew Clark was injured, incapacitated, and no longer a threat, failure to render or allow aid would violate clearly established law." Dkt. 159 at 76. The Court also recognized that the Ninth Circuit held in *Abdelaziz* that it was clearly established that officers violate a person's substantive due process rights where they make 'it impossible for anyone to provide emergency medical care to [the decedent].' " *Id.* at 76-77 n.17 (quoting *Abdelaziz*, 137 F.4th at 985-86; citing in turn *Penilla*, 115 F.3d at 710)). The Court properly concluded that Mawson violated clearly established law under Plaintiffs' facts.

Any appeal of the Court's rulings on Plaintiffs' failure to render aid and familial due process claims is therefore frivolous.

### 3. Mawson Cannot Appeal this Court's Determination That Plaintiffs Presented Facts Supporting a Conspiracy to Use Excessive Force, Nor Can He Prevail on a Claim that Even Under Those Facts He Did Not Violate Clearly Established Law.

The Court held that "a reasonable juror could conclude that Deputy Sanders and Officers Robinson, Mawson, and Reynolds (and perhaps an unidentified co-conspirator) conspired to use unconstitutional excessive force on Clark." Dkt. 159 at 71. In particular, body-worn video footage showed Reynolds suggesting that they "just give [Derrick] the rotary," Deputy Sanders testified that Officer Robinson asked him to deploy the munitions, and Deputy Sanders also acknowledged that he suggested that they "might 'drop a bang' on [Derrick] and 'toss a bang right in [Derrick's] lap.' " *Id.* at 70. The Court had already concluded that, taking the facts in the

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 15

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

light most favorable to Plaintiffs, it was clearly established that this use of force was excessive. *Id.* at 76. The Court thus concluded that Mawson was not entitled to qualified immunity. Because Mawson cannot appeal this Court's rulings without challenging its factual determinations or making obviously non-meritorious arguments about what law is clearly established, any appeal of the Court's order allowing Plaintiffs' conspiracy claim against Mawson to proceed would be frivolous.

> **4.  Mawson Cannot Challenge the Court's Determination That Plaintiffs' Facts Support an Intentional Discrimination Claim, Nor Could He Prevail on the Theory That Those Facts Fail to Show a Violation of Clearly Established Law Because Qualified Immunity Is Unavailable For Intentional Discrimination.**

Relying on Mawson's own statements captured on body-worn video and in his declaration, the Court concluded "that a reasonable juror could conclude that Officer Mawson violated Clark's equal protection rights." Dkt. 234 at 63-64. Among other things, Mawson repeatedly referred to Derrick as "ole boy." *See, e.g.*, *id.* at 64. Relying on settled precedent and illustrative cases, the Court concluded that a reasonable jury could infer discriminatory intent from Officer Mawson's statements and conduct. *Id.* at 64-65.

The Court recognized that, although racially derogatory remarks, standing alone, do not automatically establish a Fourteenth Amendment violation, such statements may constitute direct evidence of discriminatory animus or support an inference of intent when considered in context. *Id.* (quoting *Hernandez v. County of Marin*, 2013 WL 6055224 at *9 (N.D. Cal. Nov. 14, 2013); citing in turn *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987)).

The Court relied on authority recognizing that even a single disparaging statement may create a triable issue of discriminatory intent. Dkt. 234 at 64 *(quoting Monetti v. City of Seattle*, 875 F. Supp. 2d 1221, 1230 (W.D. Wash. 2012); citing in turn *Cordova v. State Farm Ins. Cos.*,

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

124 F.3d 1145, 1149 (9th Cir. 1997); *Sischo-Nownejad v. Merced Cmty. Coll. Dist.*, 934 F.2d 1104, 1112 (9th Cir. 1991)). The Court further noted that language such as "boy," in certain contexts, may reasonably be interpreted as a racial epithet sufficient to raise a jury question on motive. *Id.* at 64-65 (citing *King v. City of Eastpointe*, 86 F. App'x 790, 803 (6th Cir. 2003)). Based on the factual disputes about Mawson's intent and the numerous Ninth Circuit and district court cases, the Court denied summary judgment on Plaintiffs' equal protection claim against Mawson. *Id.* at 63-65. Because the Court's ruling rested on factual determinations and well-settled case law, any appellate claim by Mawson about this ruling is frivolous.

### 5. Allowing Mawson to Stay Trial Pending Resolution of An Interlocutory Appeal Would Permit the Type of Abuse the Ninth Circuit Sought to Avoid in *Chuman*.

The Ninth Circuit's holding in *Chuman* that a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction was born of concern that litigants would abuse the court system when they are dissatisfied with a ruling, and specifically out of concern for plaintiffs in civil-rights cases. 960 F.2d at 105. Certifying an appeal frivolous is designed to prevent injustice to families that otherwise could be caused by abuse of a rule allowing only one side of a lawsuit to seek interlocutory appeal. "Recognizing the importance of avoiding uncertainty and waste, but concerned that the appeals process might be abused to run up an adversary's costs or to delay trial," the Ninth Circuit has "authorized the district court to go forward [to trial] in appropriate cases by certifying that an appeal is frivolous or waived." *Rodriguez*, 891 F.3d at 790-91.

That concern is squarely implicated here. Mawson, like the County, incorrectly asserted that this Court lost jurisdiction by his email notice that he would appeal this Court's rulings. On that basis, it seeks to indefinitely delay trial and forestall its expert disclosures. The delay

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 17

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

Mawson requests would cause harm to Derrick Clark's family, who have already endured years of litigation marked by discovery disputes, lost evidence, and repeated postponements, and who this Court has held are entitled to have their claims heard by a jury.

Any interlocutory appeal the County could file would be precisely the kind of fact-bound and legally non-meritorious challenge that unjustly deprives families of closure and that the certification-as-frivolous doctrine is intended to prevent.

**CONCLUSION**

The Court's denial of summary judgment on Plaintiffs' remaining claims against Mawson rested on pervasive, outcome-determinative factual disputes concerning Mawson's conduct—disputes the Court carefully identified and explained in an extensive, fact-bound order. Because Mawson's proposed appeal can proceed only by re-litigating those factual determinations, reframing disputed evidence, or advancing forfeited and legally meritless qualified-immunity arguments, the Ninth Circuit lacks jurisdiction to hear it under 28 U.S.C. § 1291. Allowing an interlocutory appeal here would contravene settled law and enable precisely the sort of delay and abuse *Chuman* and its progeny were meant to prevent. Plaintiffs respectfully request that the Court certify Mawson's appeal as frivolous and order that the parties shall proceed to trial as scheduled.

PLAINTIFFS' MOTION TO CERTIFY MAWSON'S APPEAL FRIVOLOUS - 18

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 4,171 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED

May 1, 2026

STRITMATTER LAW

/s/ Mo Ali Hamoudi
Edward H. Moore, WSBA 41584
(Admitted *Pro Hac Vice*)
Mohammad "Mo" Ali Hamoudi, WSBA 48512
(Admitted *Pro Hac Vice*)
Darcy C. Covert, WSBA 57137
(Admitted *Pro Hac Vice*)
3600 15th Avenue West #300
Seattle, WA  98119
Phone:  206.448.1777
ed@stritmatter.com
mo@stritmatter.com
darcy@stritmatter.com

GRUBE OREHOSKI, PLLC
Joseph A. Grube, OSB 96976
1200 Fifth Avenue, Ste 1711
Seattle, WA 98101
Ph. 206.624.5975
joe@go-trial.com

Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system and which specifically identifies recipients of electronic notice. The same being sent via email to the following:

Scott Ciecko, OSB#045587
Clackamas Co Legal Counsel
2051 Kaen Road
Oregon City, OR 97045
Ph. 503-742-5391
sciecko@clackamas.us
kvonk@clackamas.us
Counsel for Defendants Clackamas Co. and Ferguson


Andrew D. Campbell, OSB#022647
Elayna Z Matthews, OSB#154538
Helzel Williams, PC
117 Commercial Street NE, Ste 400
PO Box 1048
Salem, OR 97308
Ph. 50-585-4422 x 314
andrew@heltzel.com
mmartz@heltzel.com
Counsel for Defendant Mawson

Dan Rayfield
Attorney General
Sara Del Rubin, OSB#232414
Assistant Attorney General
Drew K. Baumchen, OSB#045032
Jessica O'Kampfe, OSB#063887
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fx. 971-673-5000
Sara.DelRubin@doj.oregon.gov
Drew.Baumchen@doj.oregon.gov
Jessica.Kampfe@doj.oregon.gov
Counsel for Defendants Cole

DATED this 1st day of May, 2026.


/s/ Mo Hamoudi
Mo Hamoudi
Attorney for Plaintiffs