DAN RAYFIELD
Attorney General
DREW K. BAUMCHEN, #045032
JESSICA KAMPFE, #063887
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  Drew.Baumchen@doj.oregon.gov
        Jessica.Kampfe@doj.oregon.gov

Attorneys for Defendant Zachary Cole

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SARAH MILES, as Personal Representative of the Estate of Derrick Dewayne Clark, Jr.; and SARA MILES in her individual capacity,<br><br>Plaintiffs,<br><br>v.<br><br>CLACKAMAS COUNTY, a municipal corporation; DEPUTY DANIEL FERGUSON; NICHOLAS ADLER; JASON BENTO; MATTHEW BROWN; HECTOR CAMPOS; SHAWN CHOE; AARON CLARK; JORDAN FERGUSON; SIERRA HANCOCK; DAVID HEIMBUCK; NATHAN HULSEY; ANDY KIESEL; KYLE MALIZIA; DONALD MCCAFFERTY; BETH MEYER; JERED REYNOLDS; RYAN ROGERS; PETER ROBINSON; HAYDEN SANDERS; KYLE SCOTT; SAMUEL TOOZE; ADAM TAYLOR; MICHAEL ZACHER; GRANT ZAITZ; OREGON STATE POLICE; ZACHARY COLE; OREGON CITY POLICE DEPARTMENT; ALEXANDER MAWSON; AND OFFICERS DOES 1-X,<br><br>Defendants. | Case No. 3:23-cv-01805-SB<br><br>DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S APPEAL FRIVOLOUS |

Page 1 -   DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S
            APPEAL FRIVOLOUS

Plaintiffs' motion to deem defendant Cole's appeal of this Court's denial of qualified immunity as frivolous should be denied. The denial of qualified immunity is an important ruling in a section 1983 case, which is why interlocutory appeals are allowed, and as very-recently reaffirmed by the United States Supreme Court, the defendants' arguments on appeal have merit.

## I. DEFENDANT COLE JOINS AND ADOPTS COUNTY DEFENDANTS' ARGUMENTS.

In their opposition to plaintiffs' motion to deem their appeal frivolous, County Defendants ably argue the scope of the Ninth Circuit's jurisdiction to hear these appeals of the denial of qualified immunity. ECF no. 251, 2-3. Defendant Cole joins and adopts County Defendants' arguments because, like the County Defendants, Cole's appeal will not be based on disputed facts but, rather, the analysis of and application of law to material facts not genuinely in dispute, *viz.,* that Derrick Clark had a gun in his right hand as he exited his car and ran in front of Trooper Cole, and that Trooper Cole believed that he was about be shot by Clark.

## II. THE SUPREME COURT'S *ZORN* DECISION COMPELS REVIEW OF THIS COURT'S DENIAL OF QUALIFIED IMMUNITY.

After the defendants' summary judgment motions were fully briefed and argued, the Supreme Court issued its decision in *Zorn v. Linton,* 607 U.S. ___, 146 S.Ct. 926 (2026) (per curiam), a mere eight days prior to this Court's order denying qualified immunity on plaintiffs' excessive force claims. In *Zorn,* the Supreme Court reaffirmed that a clearly established right must not be defined at a high level or in terms of general principle, and that a clearly established right must come from "a case where an officer acting under similar circumstances was held to violate the constitution." *Id.* at 930, quoting *Escondido v. Emmons,* 586 U.S. 38, 43 (2019) (per curiam). Like in *Zorn,* no case put Trooper Cole on notice that his conduct—under the material and undisputed facts of this case—was specifically unlawful.

//

//

Page 2 -    DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S APPEAL FRIVOLOUS

III.    QUALIFIED IMMUNITY DOES NOT DEPEND ON DISPUTED FACTS.

Defendant Cole's entitlement to qualified immunity does not require resolution of disputed facts. Indeed, this Court determined that factual issues exist as to whether Clark actually pointed his gun at Trooper Cole. Opinion & Ord., ECF no. 234, 74-75. Defendant Cole does not challenge this Court's ruling that factual issues exist on this specific issue, but instead points to the undisputed facts in support his entitlement to qualified immunity: First, that Clark had the gun in his right hand as he got out of his car and ran "directly in front of Trooper Cole's car." *Id.* at 6. Second, that "Trooper Cole believed he was about to get shot." *Id.* at 7. On these undisputed facts, and the totality of the circumstances including the other material and undisputed facts (Clark fled a DUII stop, led the police on a high-speed chase, tried to reverse out of the ditch after crashing, and the incident took place nearby a residential neighborhood; *id.* at 5-7), defendant Cole maintains that his actions were nonetheless objectively reasonable under the circumstances and he is entitled to qualified immunity.

IV.    *GELHAUS* DOES NOT SET FORTH A CLEARLY ESTABLISHED PRECEDENT FOR THE UNDISPUTED FACTS OF THIS CASE.

In denying qualified immunity to defendant Cole on summary judgment, this Court appears to rely in part on *Estate of Lopez v. Gelhaus,* 871 F.3d 998 (9th Cir. 2017). Opinion & Ord., ECF no. 234 at 31, 75. Plaintiffs point to this reference for the argument that "if the jury accepts Plaintiffs' version of events, 'Clark's right to be free from excessive force in this context was clearly established.'" Pls.' Mot. to Certify Cole Appeal as Frivolous, ECF no. 244, 16.

Yet, *Gelhaus* does not*,* and nor do any of the other cases cited by this Court, set forth clearly established precedent that Clark's constitutional rights would be violated by Trooper Cole's use of deadly force under the undisputed facts. *Gelhaus* involved vastly different facts— a 13-year-old was walking normally, holding what appeared to be an AK-47 muzzle (but the officer knew there was a possibility it was a toy gun), pointed toward the ground, in broad daylight, and only began turning around in response to an officer shouting at him to drop the

Page 3 -    DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S
APPEAL FRIVOLOUS

gun. *Gelhaus,* 871 F.3d at 1010-11. In light of *Zorn,* such circumstances cannot provide "a case where an officer acting under similar circumstances was held to violate the constitution." 146 S.Ct. at 930.

Furthermore, *Gelhaus* turned on a specific factual finding by the district court that "the position of [the decedent's] gun barrel *never posed any threat* to [the officers.]" 871 F.3d at 1009-10 (italics added). This is stark contrast to this case, where this Court has made no such finding. In fact, this Court recognized that, while the bodycam video does not confirm whether or not Clark actually pointed his gun at Trooper Cole and, thus, *could* support plaintiffs' assertion that Clark never actually pointed the gun, Cole himself "has consistently reported that he saw the barrel of Clark's gun before he fired at Clark." Opinion & Ord., ECF. no. 234, 30-31. Moreover, here, Trooper Cole's credibility has not been legitimately challenged, while in *Gelhaus,* the credibility of the officer's account of the incident was fairly placed into question, 871 F.3d at 1009 (noting "abundant grounds" to question officer's credibility).

To be clear, defendant Cole acknowledges this Court's ruling that a factual dispute exists as to whether Clark actually pointed his gun at Cole. But this does not mean that, even if Trooper Cole was mistaken, *Gelhaus* makes that mistake unreasonable as a matter of law or deprives Cole of qualified immunity.[1] Ultimately, while this Court has opined that "if the jury concludes that Clark did not point his gun at Officer Cole, the law supports a finding that Clark did not pose an immediate threat," Opinion & Ord., ECF no. 234, 31, defendant Cole respectfully submits that, even if Clark did not point his gun at him, the law does not require a finding that Clark *did not* otherwise pose an immediate threat. Thus, defendant Cole is entitled to review of the denial of qualified immunity because, quite simply, it cannot be said—even on

---

[1] The other cases cited alongside *Gelhaus, Green v. McNamara,* 2025 WL 2602602 (9th Cir. 2025), and *C.V. by and through Villegas v. City of Anaheim,* 823 F.3d 1252 (9th Cir. 2016) are also both distinguishable on their relevant facts.

Page 4 -     DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S
               APPEAL FRIVOLOUS

the undisputed facts—that no reasonable officer would have believed that deadly force on Clark was justified.

V.    DEFENDANT COLE'S SUMMARY JUDGMENT MOTION AND ARGUMENTS ACKNOWLEDGED THAT, EVEN IF GENUINE FACTUAL DISPUTES WERE RESOLVED IN PLAINTIFF'S FAVOR, COLE IS ENTITLED TO QUALIFIED IMMUNITY.

Plaintiffs argue that Cole's appeal is frivolous because any argument that he is entitled to qualified immunity "under Plaintiffs' facts" has been waived. Pls.' Mot., ECF no. 243, 10. This argument is incorrect and itself frivolous because Defendant Cole has not waived anything by merely failing to accede to "plaintiff's facts" in his motion papers and arguments. More importantly, defendant Cole specifically argued in his summary judgment motion and at the hearing that, even if his perceptions were mistaken, he is nonetheless entitled to qualified immunity if those mistakes were objectively reasonable.

Simply arguing one set of facts over the other party's, or disputing the other party's proffered facts, does not deprive the party of its right to appeal or the appellate court of its jurisdiction. The Ninth Circuit ruled against a similar argument in *Estate of Aguirre v. Riverside:*

> As a threshold matter, we conclude that we have jurisdiction over this interlocutory appeal. The Najeras argue that we lack jurisdiction because the district court found that triable issues of fact precluded summary judgment, and because Ponder waived his qualified-immunity defense by failing to present the facts in the light most favorable to the Najeras. Both arguments miss the mark. We "undoubtedly" have jurisdiction to consider the district court's denial of qualified immunity. *Rodriguez v. Maricopa Cnty. Cmty. Coll. Dist.*, 605 F.3d 703, 707 (9th Cir. 2010). Likewise, Ponder's defense-friendly presentation of the facts does not deprive us of jurisdiction. Although Ponder's appellate briefing arguably "lapse[d] into disputing [plaintiffs'] version of the facts," we are fully capable of distinguishing between advocacy and the record itself. *George v. Morris*, 736 F.3d 829, 837 (9th Cir. 2013) (quoting *Adams v. Speers*, 473 F.3d 989, 990 (9th Cir. 2007)). Ponder's characterization of the facts did not result in waiver of his qualified-immunity defense.

29 F.4th 624, 627 (9th Cir. 2022)

Page 5 -    DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S APPEAL FRIVOLOUS

And defendant Cole has explicitly argued that, even giving plaintiffs the benefit of any factual disputes, he is still entitled to qualified immunity for a mistaken but reasonable belief:

> Furthermore, even in Trooper Cole were mistaken in any of his perceptions, "[the] protection of qualified immunity applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed perceptions of law and fact." *Pearson [v. Callahan],* 555 U.S. at 231. Accordingly, so long as the "mistake was, in fact, reasonable," an officer is still entitled to qualified immunity. *Johnson v. Bay Area Rapid Transit Dist.,* 724 F.3d 1159, 1168 (9th Cir. 2013). The video evidence in this case reflects a rapidly evolving situation involving an armed suspect that was in close proximity to Trooper Cole. Accordingly, any mistake Cole might have made as to Clark's movements was reasonable, and he is still entitled to qualified immunity.

Def. Cole's Mot. S.J., ECF no. 189, 24 (Dec. 19, 2025).

Defendant Cole presented the same argument at the summary judgment hearing: counsel asserted that the facts that Clark got out of the car with a gun in his right and ran in the general direction of Trooper Cole's police car were "undisputed and confirmed by the video," and that it was therefore reasonable for Cole to perceive Clark's actions as "potentially being to engage in a gunfight." Mot. S.J. Hrg. Transcr. 72:9-17 (March 16, 2025). Counsel furthered this point, arguing the undisputed facts led Trooper Cole to "reasonably perceive" Clark as a threat based on Clark running with the gun in his hand, as opposed to his waistband, as the type of "furtive movement, potentially harrowing gesture that could be *reasonably perceived* as a threat…" *Id.* at 72:21-73:12 (emphasis added). Counsel also argued that, even if Clark did not actually point the gun at Trooper Cole, it is clear under *Napouk v. Las Vegas Metro. Police Dept.,* 123 F.4th 906 (2024), that it was not necessary for Clark to actually brandish the gun in any threatening manner for it to be perceived as an immediate threat. Hrg. Transcr. 77:15-25.

Thus, Cole has the opportunity to argue on appeal that, even resolving all factual disputes in the light most favorable to plaintiffs, he is entitled to qualified immunity. Cole has neither waived nor forfeited this argument.

//

//

Page 6 -   DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S APPEAL FRIVOLOUS

<u>CONCLUSION</u>

Defendant Cole's appeal has merit and does not rest on genuinely disputed facts.

Plaintiff's motion to avoid the appeal before its merits can be heard should be denied.


DATED May 14, 2026.

Respectfully submitted,

DAN RAYFIELD
Attorney General

*/s/ Drew K. Baumchen*

DREW K. BAUMCHEN, #045032
JESSICA KAMPFE, #063887
Senior Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
drew.baumchen@doj.oregon.gov
jessica.kampfe@doj.oregon.gov
Of Attorneys for Defendant
Zachary Cole

Page 7 -    DEFENDANT COLE'S RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY COLE'S
APPEAL FRIVOLOUS

## CERTIFICATE OF SERVICE

I certify that on May 14, 2026, I served the foregoing DEFENDANT COLE'S RESPONSE

TO PLAINTIFFS' MOTION TO CERTIFY COLE'S APPEAL FRIVOLOUS upon the parties

hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Joseph A. Grube | ___ HAND DELIVERY |
| Grube Orehoski PLLC | ___ MAIL DELIVERY |
| 1200 Fifth Avenue, Suite 1711 | ___ OVERNIGHT MAIL |
| Seattle, WA 98101 | _X_ E-SERVE |
| Of Attorneys for Plaintiffs | ___ E-MAIL: joe@go-trial.com |
| | |
| Edward Moore | ___ HAND DELIVERY |
| Edward H Moore P.C. | ___ MAIL DELIVERY |
| 3600 15th Avenue W, Suite 300 | ___ OVERNIGHT MAIL |
| Seattle, WA 98119 | _X_ E-SERVE |
| Of Attorneys for Plaintiffs | ___ E-MAIL: emoore@ehmpc.com |
| | |
| Mohammad Ali Hamoudi | ___ HAND DELIVERY |
| Stritmatter Kessler Koehler Moore | ___ MAIL DELIVERY |
| 3600 15th Avenue W, Suite 300 | ___ OVERNIGHT MAIL |
| Seattle, WA 98119 | _X_ E-SERVE |
| Of Attorneys for Plaintiffs | ___ E-MAIL: mo@stritmatter.com |
| | |
| Scott C. Ciecko | ___ HAND DELIVERY |
| Clackamas County Counsel | ___ MAIL DELIVERY |
| 2051 Kaen Road | ___ OVERNIGHT MAIL |
| Oregon City, OR 97045 | _X_ E-SERVE |
| Of Attorneys for County Defendants | ___ E-MAIL: sciecko@clackamas.us |
| | |
| Andrew D. Campbell | ___ HAND DELIVERY |
| Heltzel Williams, PC | ___ MAIL DELIVERY |
| P.O. Box 1048 | ___ OVERNIGHT MAIL |
| Salem, OR 97308 | _X_ E-SERVE |
| Of Attorneys for City Defendants | ___ E-MAIL: Andrew@Heltzel.com |

*/s/ Drew Baumchen*
DREW K. BAUMCHEN, #045032
JESSICA O. KAMPFE, #063887
Senior Assistant Attorney General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
drew.baumchen@doj.oregon.gov
jessica.kampfe@doj.oregon.gov
Of Attorneys for Defendant Zachary Cole

Page 1 -    CERTIFICATE OF SERVICE