Joseph A. Grube, OSB #962976
joe@go-trial.com
GRUBE OREHOSKI, PLLC
1200 Fifth Avenue, Ste 1711
Seattle, WA 98101
Ph. 206.624.5975/Fax. 206.770.7607

Mohammad "Mo" Ali Hamoudi WSBA#48512, (Adm. *PHV*)
Edward H. Moore, WSBA #41584 (Adm. *PHV*)
Darcy Covert, WSBA #57137 (Adm. *PHV*)
mo@stritmatter.com
ed@stritmatter.com
darcy@stritmatter.com
STRITMATTER LAW
3600 15th Avenue W., 300
Seattle, WA 98119
Telephone: 206.448.1777

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
## PORTLAND DIVISION

SARAH MILES, as Personal Representative of the Estate of Derrick Dewayne Clark, Jr.; and on behalf of the minor child R.L.C.; minor sibling D.M.M.; and mother SARAH MILES in her individual capacity,

        Plaintiffs,

vs.

CLACKAMAS COUNTY, a municipal corporation; DEPUTY DANIEL FERGUSON, NICHOLAS ADLER, JASON BENTO, MATTHEW BROWN, SHAWN CHOE, AARON CLARK, JORDAN FERGUSON, SIERRA HANCOCK, DAVID HEIMBUCK, NATHAN HULSEY, ANDY KIESEL, KYLE MALIZIA, DONALD McCAFFERTY, BETH MAYER, JERED REYNOLDS, RYAN ROGERS, PETER ROBINSON, HAYDEN SANDERS, SAMUEL TOOZE, ADAM TAYLOR, MICHAEL ZACHER, GRANT ZAITZ; ZACHARY COLE; ALEXANDER MAWSON; AND OFFICERS DOES I-X,

        Defendants.

NO.  3:23-cv-01805-SB

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO CERTIFY COUNTY DEFENDANTS' APPEAL FRIVOLOUS**

**LEGAL ARGUMENT**

The County's appeal is frivolous unless it adopts the version of the facts most favorable to the Plaintiffs. In its response, the County still refuses to consider or accept the facts in the light most favorable to the Plaintiffs. The County's recounting of the facts relevant to Plaintiffs' excessive force claim against Ferguson instead recites the "undisputed" facts. That recitation omits the facts from which a reasonable juror could conclude that Derrick did not pose an immediate threat: that Cole's body-worn video captured Ferguson saying he did not see Derrick's gun before Cole shot, that Derrick had run past Cole's car and was on his way down the embankment by the time Ferguson shot, and that Ferguson never said or did anything on scene to suggest he thought the initial gunshot was from anyone but Cole.[1] Viewing the facts in the light most favorable to Plaintiffs, Derrick never pointed a gun at officers or made any harrowing gestures and was running away from the officers (with a gun) when they shot at his back eight times.[2] The County does not claim that Ferguson is entitled to qualified immunity under those facts.

The County's discussion of Plaintiffs' excessive force claim against Sanders is similarly flawed. Its claim regarding the "undisputed" facts does not acknowledge the facts from which a reasonable juror could conclude that Sanders should have reasonably known Derrick did not pose an immediate threat: that Sanders knew deputies had found Derrick's gun in the parking lot, that Derrick had not moved at all before Sanders threw the flash bang, or that Derrick did not move before Sanders threw the stinger ball.[3] The County does not claim that Sanders is entitled to qualified immunity under those facts. That failure renders that aspect of the appeal frivolous,

---

[1] *See* Dkt. 251 at 6.
[2] *See* Dkt. 234 at 34.
[3] *See* Dkt. 251 at 6.

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

Nor does *Zorn v. Linton*, 607 U.S. ---, 146 S. Ct. 926 (Mar. 23, 2026) (per curiam), undermine the Court's qualified immunity rulings on those claims or others. In *Zorn*, the Supreme Court reversed the Second Circuit's holding that *Amnesty America v. West Hartford*, 361 F.3d 113 (2d Cir. 2004), "clearly established that the 'gratuitous' use of a rear wristlock on a protester passively resisting arrest constitutes excessive force" and the lower court's application of *Amnesty America* to conclude an arresting officer was not entitled to qualified immunity. 146 S. Ct. at 929-31. In *Amnesty America*, the Second Circuit considered a wide range of allegations of excessive force: the officers rammed a protester's head into a wall, dragged another protester across the ground, and used rear wristlocks on two more protesters to lift them up before throwing one of them to the ground. 361 F.3d at 123. There was no evidence that the officers warned the protesters before using such force. But *Amnesty America* did not hold that any of those actions violated the Fourth Amendment; instead, it held that a "reasonable jury could . . . find that the officers gratuitously inflicted pain," but that it was also "entirely possible that a reasonable jury would find . . . that the police officers' use of force was objectively reasonable given the circumstances." *Id.* at 124. The case thus could not have clearly established "that the gratuitous use of pain compliance techniques—such as a rear-wristlock—on a protestor who is passively resisting arrest constitutes excessive force." *Zorn*, 146 S. Ct. at 931. The Supreme Court thus reversed the Second Circuit's denial of qualified immunity. *Id.*

The cases upon which this Court based its denials of qualified immunity, on the other hand, did establish that the defendants' actions in those cases violated the Constitution. *See, e.g.*, *Est. of Lopez by & through Lopez v. Gelhaus*, 871 F.3d 998, 1018 (9th Cir. 2017) ("Taking the facts as we must regard them on this interlocutory appeal, the law was clearly established at the time of the shooting that Gelhaus's conduct was unconstitutional."); *Deorle v. Rutherford*, 272

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

F.3d 1272, 1286 (9th Cir. 2001) ("No reasonable officer could have believed that Rutherford's action in shooting Deorle with the 'less lethal' lead-filled beanbag round was appropriate or lawful."). *Zorn* does not undermine this Court's qualified immunity rulings or render the County's appeal non-frivolous.

### CONCLUSION

For the foregoing reasons and for the reasons set forth in Plaintiffs' Motion to Certify County Defendants' Appeal Frivolous, this Court should certify County Defendants' appeal frivolous and order that this case proceed to trial as scheduled.

## CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 765 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED                                  May 16, 2026

                                       STRITMATTER LAW

                                       */s/ Mo Ali Hamoudi*
                                       Edward H. Moore, WSBA 41584
                                       (Admitted *Pro Hac Vice*)
                                       Mohammad "Mo" Ali Hamoudi, WSBA 48512
                                       (Admitted *Pro Hac Vice*)
                                       Darcy C. Covert, WSBA 57137
                                       (Admitted *Pro Hac Vice*)
                                       3600 15th Avenue West #300
                                       Seattle, WA  98119
                                       Phone:  206.448.1777
                                       ed@stritmatter.com
                                       mo@stritmatter.com
                                       darcy@stritmatter.com

                                       GRUBE OREHOSKI, PLLC
                                       Joseph A. Grube, OSB 96976
                                       1200 Fifth Avenue, Ste 1711
                                       Seattle, WA 98101
                                       Ph. 206.624.5975
                                       joe@go-trial.com

                                       Counsel for Plaintiffs

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system and which specifically identifies recipients of electronic notice. The same being sent via email to the following:

Scott Ciecko, OSB#045587
Clackamas Co Legal Counsel
2051 Kaen Road
Oregon City, OR 97045
Ph. 503-742-5391
sciecko@clackamas.us
kvonk@clackamas.us
Counsel for Defendants Clackamas Co. and Ferguson

Andrew D. Campbell, OSB#022647
Elayna Z Matthews, OSB#154538
Helzel Williams, PC
117 Commercial Street NE, Ste 400
PO Box 1048
Salem, OR 97308
Ph. 50-585-4422 x 314
andrew@heltzel.com
mmartz@heltzel.com
Counsel for Defendant Mawson

Dan Rayfield
Attorney General
Sara Del Rubin, OSB#232414
Assistant Attorney General
Drew K. Baumchen, OSB#045032
Jessica O'Kampfe, OSB#063887
Senior Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Ph. 971-673-1880
Fx. 971-673-5000
Sara.DelRubin@doj.oregon.gov
Drew.Baumchen@doj.oregon.gov
Jessica.Kampfe@doj.oregon.gov
Counsel for Defendants Cole

DATED this 16th day of May, 2026.


/s/ Mo Hamoudi
Mo Hamoudi
Attorney for Plaintiffs

REPLY ISO PLAINTIFFS' MOTION TO CERTIFY APPEAL FRIVOLOUS - 6

STRITMATTER LAW
3600 15th Ave W, Ste. 300
Seattle, WA 98119
Tel: 206.448.1777